### No. 2,497.

#### THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, *v.* HENRY WEIL, APPELLANT.

JUROR.—COMPETENCY OF.—Where a juror in a criminal proceeding, upon examination as to his qualification to try the case, states that he has formed a fixed decided opinion in regard to the guilt or innocence of the defendant, a subsequent statement by him on cross-examination, that his opinion is not an unqualified one, and that he could try the case and render a verdict according to the evidence, notwithstanding any previously formed opinion, will not remove his disability as a juror.

IDEM.—CHALLENGE OF.—Where a challenge for cause was erroneously disallowed by the Court, and the juror then peremptorily challenged, if the defendant exhausted the number of peremptory challenges to which he was entitled before the jury was completed, the practical result of the erroneous disallowance of defendant's challenge for cause was to contract the number of peremptory challenges to which he was entitled, and may have been seriously prejudicial to the defendant.

APPEAL from the County Court of Calevaras County.

Defendant was convicted of the crime of "grand larceny." He moved for a new trial, which was denied, and he appealed from the judgment and from the order denying a new trial.

The other facts are stated in the opinion.

*R. & W. L. Hopkins,* for Appellant.

It was decided in the case of the *People* v. *Gatewood,* (20 Cal. 149), and in *People* v. *Gaunt* (23 Id. 157), that this Court will not review the ruling of a Court below upon a challenge for cause in cases where the juror objected to is afterward peremptorily challenged and does not sit on the trial, and the defendant has peremptory challenges left after the jury is completed. It follows, then, that the Court will review alleged error in overruling a challenge for cause though the juror is thereafter peremptorily challenged and does not sit in the case, provided defendant exhausts his peremptory challenges prior to the completion of the jury; because in such a case, the error, if any, would necessarily tend to the prejudice of the defendant.

"Unqualified opinion" is defined by this Court to be, in the sense of the statute, "a decided or fixed opinion." (*People* v. *Reynolds,* 16 Cal. 128). The juror must have reached a conclusion like that upon which he would be willing to act in ordinary matters.

According to this definition the juror, Riley Senter, had certainly formed an unqualified opinion, and there was nothing which would justify the inference that his opinion was "hypothetical" or that it was a "mere impression" or a "suspicion or inclination of his mind toward a conclusion.' The effect upon his mind of what he had heard and believed, and still believed, was more than a "mere impression;" it amounted to a "conviction." (*People* v. *Reynolds, supra.*)

The fact that the juror upon his cross-examination denied that his opinion was an unqualified one, amounted to nothing; he simply denied a conclusion of law.

The competency of the juror must be determined by the Court; he is not rendered competent by his declaration that he could try the case, and render a verdict according to the evidence.

*Jo Hamilton,* Attorney-General, for Respondent.

An answer to the objection of appellant to the ruling concerning the juror Senter, lies in the fact that the statement does not show that he was prejudiced in any degree thereby. It does not appear that he attempted any more peremptory challenges, or had any desire to exercise any other than those he did exercise. (*People* v. *Gatewood,* 20 Cal. 146.)

This case is not parallel with *People* v. *Gerke* (8 Cal. 359). The juror had formed no unqualified opinion.

Unless it appear that the decision of the Court was erroneous, the verdict will not be set aside, for by his answers the Court is to decide as to the competency of the juror. (*People* v. *Henderson,* 28 Cal. 465.)

SPRAGUE, J., delivered the opinion of the Court:

The first point made by appellant in his brief is that the

Court erred to his prejudice in denying his challenge for implied bias of Riley Senter as a trial juror.

As appears from the record, during the impaneling of the jury for the trial of the cause, "one Riley Senter was called as a juror, and was sworn upon his *voire dire* to answer questions concerning his competency, and in answer to such questions—upon his direct examination—stated: I have formed a fixed, decided opinion in regard to the guilt or innocence of the defendant; my opinion is such that I would be willing to act upon it in the ordinary affairs of life; I have reached a conclusion or conviction such as I would be willing to act upon in my business transactions; I believe what I heard; I heard what purported to be the facts of the case; I believe what I heard now; it will require evidence to remove the opinion now existing in my mind."

On cross-examination he said: "My opinion is not an unqualified one; I could try the case and render a verdict according to the evidence, notwithstanding any opinions previously formed by me in regard to the case." Thereupon defendant's counsel challenged said juror for implied bias, assigning as the ground of challenge that the said juror had formed an unqualified opinion as to the guilt or innocence of the defendant. The counsel for the people then and there denied the said challenge, and the challenge was then and there denied and overruled by the Court, to which ruling defendant's counsel then and there duly excepted. And thereupon the said juror, Riley Senter, was peremptorily challenged by defendant's counsel. Other jurors in attendance were then called, sworn to answer questions as to their competency, and examined in regard thereto, and before the jury before whom the cause was tried was completed, and before the last juror was called to the jury-box, the defendant had exhausted the whole number of peremptory challenges allowed to him by law.

Before a jury thus formed the defendant was tried and

convicted. The ruling of the Court, in disallowing the defendant's challenge of the proposed juror after his answers to questions, as above recited, in my judgment, was clearly erroneous. The statement of the juror, on his examination in chief, clearly shows that he had formed an unqualified opinion and belief as to the guilt or innocence of defendant, notwithstanding his subsequent statement on cross-examination.

It appears, from the above recital of facts from the record, that defendant was driven to a peremptory challenge to relieve himself of this, to him, obnoxious juror, and thus contribute to swell the number of peremptory challenges exercised by him, to the full extent allowed by law, before the panel was full; and before the last man required to complete the jury was called to the box for examination as to qualifications, so that defendant could not exercise a peremptory challenge upon this last juror, however obnoxious he may have been.

Thus, it plainly appears, that the practical result of the disallowance by the Court of defendant's challenge for cause of Riley Senter, was to contract the number of peremptory challenges to which he was entitled, and that such an error may have been seriously prejudicial to defendant.

With these views, it is deemed unnecessary to consider the second point urged by appellant, as the irregularity is not likely to be repeated in this case on re-trial.

Judgment reversed and cause remanded.