[Crim. No. 145. Second Appellate District.—June 4, 1910.]

## THE PEOPLE, Respondent, v. EDWARD HARRISON, Appellant.

CRIMINAL LAW—MOTION TO DISMISS APPEAL—FAILURE OF ORIGINAL RECORD TO SHOW NOTICE—ADDITIONAL RECORD.—A motion to dismiss an appeal in a criminal case cannot be granted for failure of the original record to show a notice of appeal, where an additional and supplemental record filed by leave of this court shows that such notice was actually given by the defendant in open court at the proper time.

ID.—RAPE—SEXUAL INTERCOURSE WITH YOUNG GIRL—PREJUDICE OF JUROR AGAINST CRIME CHARGED—ERROR IN OVERRULING CHALLENGE. Where in impaneling a jury upon a charge of rape in having sexual intercourse with a girl under sixteen years of age, not his wife, a juror examined as to his qualifications declared his prejudice against the crime charged, and that he would give the benefit of the doubt to the family, it was error to refuse to sustain the defendant's challenge against such juror for actual bias.

ID.—CONSTITUTIONAL RIGHT TO IMPARTIAL JURORS.—The right to unbiased and unprejudiced jurors is an inseparable and inalienable part of the right of trial by jury guaranteed by the constitution.

ID.—KIND OF PREJUDICE NOT MATERIAL.—There is no difference to be recognized in the application of the rule, where the prejudice exists

against the defendant individually, or where a like prejudice exists on account of the offense with which he is charged.

ID.—CHALLENGE FOR ACTUAL BIAS—DUTY OF COURT.—The challenge being for actual bias, the trial court was called upon to determine the facts.

ID.—DISCRETION—QUESTION OF LAW—REVIEW ON APPEAL.—While, in passing upon actual bias, a large discretion is vested in the trial court, and its ruling is only reviewed in exceptional cases, yet when the evidence of the juror upon his examination presents to this court a question of law, the disallowance of a challenge for actual bias may be reviewed upon appeal. Where there is no conflict in the evidence presented upon the trial of a challenge for cause, the matter is resolved into a question of law reviewable upon appeal.

ID.—OPINION UPON CROSS-EXAMINATION—ABILITY TO LAY ASIDE ADMITTED PREJUDICE.—An opinion stated by the witness on cross-examination, that he could lay aside his admitted prejudice and give the defendant the benefit of a reasonable doubt, does not cause a conflict in the evidence preventing the ruling upon his admitted prejudice from being reviewed upon appeal as matter of law.

ID.—EFFECT OF DISALLOWED CHALLENGE ON PEREMPTORY CHALLENGES—DEFENDANT PREJUDICED.—Where, owing to an error in matter of law in disallowing a challenge to a juror for cause, he was compelled to exhaust one of his peremptory challenges in getting rid of the prejudiced juror, he was thereby prejudiced by the reduction in the number of the peremptory challenges which he has the right to exercise upon his mere whim or caprice.

ID.—PREJUDICIAL ERROR WARRANTING REVERSAL.—The error of the court in denying defendant's challenge for cause, which had the effect to deprive the defendant of his full right to exercise ten peremptory challenges, is so prejudicial as to warrant a reversal of the judgment and order appealed from by the defendant.

APPEAL from a judgment ·of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

H. T. Miller, J. R. Dorsey, and Thomas Scott, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—The defendant was convicted of the crime of rape committed by reason of having sexual intercourse with

a female under the age of sixteen years, she at the time not being his wife. From a judgment pronounced upon the verdict, and from an order denying a new trial, defendant appeals.

The attorney general insists upon a dismissal of the appeal for failure upon the part of defendant to announce in open court his appeal from said judgment and order. The additional and supplemental record filed in this case by leave of court discloses that such notice was actually given in open court at the proper time.

Appellant in an extended brief specifies and presents numerous alleged errors upon the part of the trial court. A careful examination of the record does not warrant us in determining that any prejudicial error appears therein, other than the following:

One Kinkler was called as a juror and was examined in open court as to his qualifications. Upon such examination he stated that he was the father of five girls; that it would take quite a weight of evidence to overcome his prejudice against a defendant simply because he is charged with the crime of rape; that he would enter upon the trial of such a case with a certain amount of feeling against the defendant; that it would require quite an amount of evidence to remove that feeling; that such feeling would be a kind of prejudice and it would require evidence to remove that; that there would be a certain amount of sympathy go to the family; that there would have to be conclusive evidence that the defendant was innocent; that while his sympathy might not operate to the extent that he would convict a man of rape on less satisfactory evidence than he would convict him of some other crime, the juror was afraid it would be a little that way, to be honest; that he had such a prejudice against one who was charged with the crime of rape that, to an extent, it might lead him to do him an injustice; that he would always give the benefit of the doubt the other way, to the family; that the sympathy he might feel, for instance, for the small girl who it is claimed was the victim, might affect his judgment and might bias him in favor of the prosecution. And when asked by the court: "You think that would be so in any case of that character?" his answer was, "In a certain extent, it would, Judge; honest, I believe it would." And when interrogated

as to whether he could approach the decision of a question where rape was involved with the same degree of calmness which he would exercise under similar circumstances where other crimes were involved, answered: "I am afraid not; I am afraid I would be a poor juror on a case of this kind." Thereupon, the court cross-examined the juror, and after a full and complete explanation of the rights of a defendant and the duty of a juror to listen to and follow the instructions of the court, and the presumptions always resting in favor of a defendant, the juror answered that he felt he could give him the benefit of all reasonable doubt. The defendant challenged this juror for cause under subdivision 2 of section 1073 of the Penal Code, which challenge was denied.

It appears from the record that after this challenge was denied, defendant as to Kinkler exercised his ninth peremptory challenge, and later exercised his tenth and last challenge as to another juror. Thereafter, jurors Frame and Snodgrass were sworn to try the case, two other jurors were drawn from the box and sworn on their *voir dire* and one thereof, W. H. Bird, was subsequently sworn as a juror to try the cause; and the record contains the following statement: "The defendant, before the jury was completed to try the case, made and was allowed ten peremptory challenges, and requested no more."

"The right to unbiased and unprejudiced jurors is an inseparable and inalienable part of the right of trial by jury guaranteed by the constitution." (*Lombardi* v. *California St. Ry. Co.*, 124 Cal. 313, [57 Pac. 68].) We do not recognize any difference in the application of the rule where the prejudice exists against a defendant individually for some particular cause, personal in its nature, or where a like prejudice exists on account of the offense with which he stands charged. The challenge being for actual bias, the trial court was called upon to determine the facts. "Under such circumstances, a large discretion is vested in the trial court and its ruling is only reviewed by this court in exceptional cases; for it is only when the evidence upon the *voir dire* examination of the juror presents to this court a question of law that an exception to the disallowance of a challenge for actual bias may be reviewed." (*People* v. *Flannelly*, 128 Cal. 86, [60 Pac. 671].) It will be observed that the juror Kinkler

frankly admitted that his condition of mind was such that he could not fairly and impartially try the cause. He conceded frankly that he had such bias and prejudice against anyone charged with this offense that he could not sit impartially and determine the matter with the same degree of calmness which he could exercise in cases where other offenses were charged. There is, to our mind, no conflict in the evidence upon the *voir dire* examination as to the matter of actual prejudice and bias, unless his subsequent opinion upon cross-examination, that he could give the benefit of all reasonable doubt to the defendant, could be so regarded. We regard his cross-examination in the sense of an opinion as to his own ability to set aside an admitted prejudice. The rule permitting a juror to qualify by stating that he can and will try the cause impartially, notwithstanding an opinion previously formed (Pen. Code, sec. 1076), has no application here. There being, then, in our judgment no conflict in the evidence presented upon the trial of the challenge for cause, the matter is resolved into a question of law, and is strikingly similar to that considered in *Quill* v. *Southern Pacific Co.*, 140 Cal. 270, [73 Pac. 991]. Nor do we regard the case of *Graybill* v. *De Young*, 146 Cal. 422, [80 Pac. 619], as establishing a different doctrine; for in the last-mentioned case, as said by the court in the majority opinion, "the answers of the juror tended to show that he would be bound by the evidence," and in that respect it is distinguishable from the case of *Quill* v. *Southern Pacific Co.*, 140 Cal. 270, [73 Pac. 991], as well as from the case under consideration. We are, therefore, of opinion that, as a matter of law, the court erred in disallowing the challenge to the juror Kinkler, and that such matter is reviewable upon this appeal. This, then, leads us to a consideration of the effect of such disallowed challenge upon the rights of the defendant in respect of his peremptory challenges. We regard *People* v. *Helm*, 152 Cal. 534, [93 Pac. 99], as determinative of this question. The fact that defendant was required to exercise one of his peremptory challenges in order to remove Kinkler from the panel was, in effect, restricting his peremptory challenges to nine in number. As said in the case last cited: "It makes no difference in this respect that no challenges for cause were interposed by defendant to any jurors called to the box after the exhaustion of his peremptory challenges had

been forced by the improper rulings of the court upon his challenges for cause. It may often happen that a juror most obnoxious to a defendant may successfully pass examination upon his *voir dire.* That examination may disclose no ground for the interposition of a challenge for cause. Yet there may be some reason known to the defendant which would make it most prejudicial to him that the juror should be retained. Even more, the right to exercise peremptory challenges is absolute. Such a challenge may be exercised upon the mere whim or caprice of defendant; so that again we say that any rulings of a court which compel a defendant to exhaust his peremptory challenges and force him to accept jurors after his challenges have been so exhausted, become the proper subject of review.'' As said by the supreme court of Ohio in the case of *Hartnett* v. *State,* 42 Ohio St. 578: "Where, as in this case, the accused does exhaust his peremptory challenges before the jury is impaneled, . . . it cannot be said 'no prejudice resulted to defendant from such erroneous rulings of the court.' '' This case cites with approval *People* v. *Weil,* 40 Cal. 268, in which case it is held that the practical result of the erroneous disallowance of defendant's challenge for cause was to contract the number of peremptory challenges to which he was entitled and may have been seriously prejudicial to the defendant. This seems to be recognized in other jurisdictions and may be said to be settled law.

We are of opinion that this error of the court in denying defendant's challenge for cause had the effect to deprive defendant of his full right to exercise ten peremptory challenges and is so prejudicial as to warrant a reversal of the judgment and order.

Judgment and order denying a new trial reversed, and cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.