[Crim. No. 146. Second Appellate District.—June 4, 1910.]

## THE PEOPLE, Respondent, v. WEBB EDWARDS, Appellant.

RAPE—SEXUAL INTERCOURSE WITH YOUNG GIRL—ERROR IN ADMITTING EVIDENCE—DISTINCT RAPE BY ANOTHER PERSON.—Upon the trial of a charge of rape by the defendant committed by sexual intercourse with a female under sixteen years of age not his wife, it was prejudicial error to admit evidence of a distinct act of rape subsequently committed by a·male companion of defendant on the same day upon the prosecuting witness at a different and remote place, for the commission of which defendant was not in any way responsible.

ID.—GENERAL RULE AS TO PROOF OF OTHER OFFENSES.—It is a general rule that the prosecution cannot prove other offenses committed even by the defendant for the purpose of increasing the likelihood that he committed the offense charged, the only exception being where another offense actually tends to show the intent with which the act charged was done; but in no case has any court justified the admission of a distinct offense by another party, except in instances where the acts and declarations of conspirators are sought to be shown, though acts and declarations even of a conspirator are not admissible after the commission of the crime.

ID.—DISTINCT AND INDEPENDENT CRIME OF THIRD PARTY—ABSENCE OF CONNECTION WITH OFFENSE CHARGED.—It cannot be claimed that the acts and conduct of a third party, involving an independent and substantive crime, committed after the offense charged against defendant was completed, and at a remote place therefrom, have a logical or necessary connection with the offense charged against the ·defendant.

ID.—ACT OF THIRD PARTY NOT PART OF RES GESTAE.—The term *"res gestae"* signifies circumstances and declarations growing out of a main fact, which are contemporaneous with it, and serve to illustrate its character. The subsequent and independent act of the male companion of defendant is not part of the *res gestae* of the· defendant's crime, and is not a necessary incident of defendant's act.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

H. T. Miller, J. R. Dorsey, and Thomas Scott, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—The defendant was convicted of the crime of rape committed by reason of having sexual intercourse with a female under the age of sixteen years, she at the time not being his wife. From a judgment pronounced upon the ver- dict, and from an order denying a new trial, defendant ap- peals.

Numerous errors are assigned as grounds for reversal, but we are of opinion that the action of the trial court in admit- ting, over defendant's objection, evidence of the commission of another rape upon the prosecuting witness by another party on the same day, at a remote place, was erroneous and so prejudicial as to seriously affect defendant's rights. The record discloses that the defendant and another young man started to drive out into the country and overtook two young girls who were walking along the road; that these girls got into the buggy with the young men, the prosecuting witness sitting on the lap of defendant and the other girl on the lap of his companion; that during the drive out into the country defendant took improper liberties with the prosecuting wit- ness; that after they arrived at a point near what is known as Elk Bayou, defendant's male companion and the girl who had previously been sitting on his lap got out of the buggy and went some distance therefrom; that thereupon defendant had sexual intercourse with the prosecuting witness while both parties were in the buggy; that thereafter the male com- panion and the other girl returned, joined the parties in the buggy, which was then driven a distance of nearly half a mile to a point on what is called Woodville road, at which point the girl who had theretofore been sitting on the lap of de- fendant left the buggy and the male companion also got out of the buggy and the two proceeded a short distance there- from, where another rape was committed by defendant's male companion upon the prosecuting witness.

The record discloses that but a very small part thereof re- lates to incidents and transactions connected with the sub- stantive offense with which defendant stood charged; that the major portion of the record is taken up with an account of the rape committed by the male companion of defendant upon

the prosecuting witness. Defendant objected to all of the testimony with reference to this offense of the male companion upon the ground that the same was immaterial, incompetent and irrelevant, which objection the court overruled and permitted the introduction of all the disgusting details connected with the rape of the prosecuting witness by the male companion of defendant. The information charged the defendant alone with the offense. There was no evidence offered, nor was the prosecution conducted upon the theory that there was any conspiracy or collusion between defendant and his male companion, and even had such condition been shown, all of the criminal acts of the male companion were shown to have been perpetrated long after the offense was committed with which defendant stood charged. It is established law that "the prosecution cannot prove the commission by defendant of other offenses for the purpose of increasing the likelihood that he committed the particular offense with which he is charged"; the exception to this rule being that it may be made to appear in order to show intent. In *People* v. *Lane,* 100 Cal. 387, [34 Pac. 859], the following rule laid down by the supreme court of Illinois is quoted and approved: "But the general rule is against receiving evidence of another offense, and no authority can be found to justify its admission, unless it clearly appears that such evidence tends in some way to prove the accused guilty of the crime for which he is on trial." And further along in the same opinion there is quoted with approval this language of the supreme court of Pennsylvania: "If the evidence be so dubious that the judge does not clearly perceive the connection, the benefit of the doubt should be given to the prisoner, instead of suffering the minds of the jurors to be prejudiced by an independent fact, carrying with it no proper evidence of the particular guilt." In *People* v. *Williams,* 133 Cal. 168, [65 Pac. 324], Mr. Justice Temple, in speaking for the court in a case involving a similar offense, says: "In this case, as well as in any other, the prosecution must charge a specific offense, and the conviction, if one is had, must depend upon the proof of that offense alone. Other incidents are important only as tending to prove the *one* specific offense for the alleged commission of which defendant is on trial." These and many other decisions of like import all relate to the proof of substantive of-

fenses by the defendant, but in no case to which our attention has been called has any court justified the admission of a distinct offense by another party, except in instances where the acts and declarations of conspirators are sought to be shown, but acts and declarations even of a conspirator are not admissible after the commission of the crime. We are unable to see how it can be claimed that the acts and conduct of a third party, involving an independent and substantive crime committed after the offense charged against defendant was completed, and at a remote place therefrom, have a logical or necessary connection with the offense charged against defendant. There is no pretense that the defendant was guilty of any criminal act after he left the point near Elk Bayou. If the evidence discloses his guilt, it was for the crime there committed, and the admission of the evidence in relation to the conduct of his companion, for which he is not shown to have been in any sense responsible, violates, in our opinion, all the well-established rules.

The attorney general insists that these acts of the companion were part of the *res gestae,* and, therefore, admissible. While the use of the term *"res gestae"* has been criticised by eminent authority, it has grown into use as signifying circumstances and declarations which grow out of a main fact and which are contemporaneous with it and serve to illustrate its character. As said by the supreme court of Kansas in *Eagon* v. *Eagon,* 60 Kan. 697, [57 Pac. 942] : *"Res gestae* is matter incidental to a main fact and explanatory of it. It is made up of acts and words which are so closely connected with a main fact as to really constitute a part of it, and without a knowledge of which the main fact might not be properly understood.'' It is not possible for us to conceive how these acts of the male companion can be regarded as a necessary incident of the criminal act charged against the defendant. We think the action of the court in declaring before the jury, as it did by its implied declaration, that this testimony was competent and material, could have no other effect upon the minds of the jury than to lead them to the conclusion that a rape committed by the companion under the circumstances of this case tended to prove the substantive offense charged against the defendant. The conviction rests almost entirely upon the testimony of the prosecuting witness. The corrob-

orating evidence was not of such a character as to afford much aid to the jury. The defendant was shown to have been a young man of irreproachable character, who denied all of the acts charged, and these things may not be ignored in considering the probable prejudicial effect of the testimony improperly admitted.

We are of opinion that for the error above referred to the judgment and order should be reversed, and that the other errors assigned are not of such a character as to require of necessity a review as affecting the subsequent trial.

Judgment and order reversed and cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.