[Crim. No. 203. Second Appellate District.—February 21, 1912.]

THE PEOPLE, Respondent, v. ED. HARRISON, Appellant.

CRIMINAL LAW—IMPANELING JURY—PEREMPTORY CHALLENGES—PANEL DEPLETED—PREJUDICIAL ERROR NOT SHOWN.—Though it is the usual and better practice to have a full panel in the jury-box, in a criminal case, before requiring the exercise of peremptory challenges, yet where a full panel had been sworn on their *voir dire,* and four of them had been excused as disqualified, and no prejudice appears to the defendant, in such case, from being required to exercise peremptory challenges upon the remainder of the panel, and there being no code provision or express ruling of the supreme court applicable to such facts, it is held that no reversible error was committed.

ID.—CHALLENGES TO JURORS FOR CAUSE—ERRONEOUS IMPRESSIONS AS TO LAW—CONFLICT—GUIDANCE BY INSTRUCTIONS—PROPER DISALLOW-

ANCE.—An impression in the mind of one juror, due to an erroneous idea as to the failure of the defendant to take the stand as a witness, and an impression in the mind of another juror, due to an erroneous idea as to the presumption of innocence with which the law clothes the defendant, does not necessarily show a disqualification of either of such jurors for cause, where the evidence in each matter is conflicting, and each of said jurors stated on cross-examination that he would be guided as to the matter wholly by the court's instructions. In such case each challenge for cause was properly disallowed.

ID.—EVIDENCE—OBJECTION TO PROSECUTRIX AS INCOMPETENT—EXPERT WITNESS—PRESUMPTION—EXAMINATION BY COURT—DISCRETION NOT DISTURBED.—It appearing that the prosecutrix under a charge of statutory rape was fifteen years of age, she was, under the law, presumed to be competent to testify; and where her competency was objected to, and defendant offered an expert witness to the contrary, and a preliminary examination as to her competency was had by the court, out of the presence of the jury, and the court became satisfied from her understanding and answers that she was competent to testify, the discretion exercised in view of her answers, in favor of the presumption of competency, will not be disturbed.

ID.—PROPRIETY OF PRELIMINARY EXAMINATION OF WITNESS BY COURT.— The preliminary examination of the witness, whose competency was objected to, by the court, was proper, and afforded the very best evidence upon which to determine the question of competency, which was matter solely for the trial judge to determine, as a question of law, preliminary to the admission of her testimony in evidence. The jury were not concerned with that question of law, and the court, in the exercise of its discretion, properly excluded it from hearing the evidence required to determine that question. It is only the evidence adduced at the trial that must be made in public and in the presence of the accused.

ID.—PROPER EXCLUSION OF EVIDENCE OF PHYSICIAN AT TRIAL—REMOTE EVIDENCE AS TO INCOMPETENCY.—Where, after the court had determined the question of competency of the prosecutrix, and her testimony had been admitted in evidence, the defendant, as part of his case, offered the evidence of a physician, by whom it was proposed to show the condition of the girl's mind some two years before the introduction of her testimony in evidence, the court properly sustained an objection to such evidence as too remote.

ID.—EVIDENCE OF PHYSICIAN NOT ADMISSIBLE FOR IMPEACHMENT.—The evidence of such physician was not admissible for the purpose of impeachment, for the reason that it is not one of the modes prescribed in sections 2051 and 2052 of the Code of Civil Procedure, for impeaching a witness.

ID.—STATUTORY RAPE—SINGLE PRELIMINARY EXAMINATION OF PERSONS SEPARATELY CHARGED—PART OF DEPOSITION OF DECEASED WITNESS.

The mere fact that two persons separately charged with the crime of statutory rape upon the person of the prosecuting witness were held to answer at one single preliminary examination, it appearing that the offenses were committed at about the same time and under the same surroundings, and that part only of the deposition of a deceased witness taken thereat related to the charge against the present defendant, cannot deprive the state of its rights, under section 686 of the Penal Code, to introduce such parts of the deposition as are competent evidence upon the trial of defendant.

ID.—REMAINDER OF DEPOSITION IN RECORD NOT PREJUDICING APPELLANT. Under the rulings made upon the trial, the fact that the entire deposition is embodied in the record upon appeal, which shows clearly the parts admitted, cannot prejudice the defendant appealing.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

H. T. Miller, J. R. Dorsey, and Thomas Scott, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was convicted upon an information charging him with statutory rape. He appeals from the judgment and an order of the court denying his motion for a new trial.

As grounds for reversal numerous errors are assigned, very few of which, however, merit other than general notice.

In impaneling the jury to try the case twelve men were called to the jury-box and, following their examination upon *voir dire,* four were excused upon the ground that they were disqualified. Without calling others to take the place of those so excused, and with the jury-box containing only eight qualified jurors, defendant, over his objection and contrary to his request that the box be filled, was required to exercise his peremptory challenges. In so ruling it is claimed the court erred. The code does not specify the particular stage of the proceedings when a peremptory challenge shall be interposed to an objectionable juror, and, so far as we are

advised, the supreme court has announced no rule applicable
to the facts here presented.   Under these circumstances, we
are not inclined to hold that the court erred, particularly as
it is not made to appear that defendant was in any wise
prejudiced by such ruling.   It has been held that in the im-
paneling of a jury to try a civil action neither party can be
required to exercise his peremptory challenges until there
shall be found in the box twelve men whom the court shall
adjudge to be competent and qualified jurors.   (*People* v.
*Scoggins,* 37 Cal. 679; *Taylor* v. *Western Pac. R. R. Co.,* 45
Cal. 323, 330.)   The reasoning of the court given in the latter
case in support of the rule is equally applicable in support of
a like rule in impaneling a jury in a criminal case, and we
think the usual and better practice in criminal cases is to
follow the rule there announced.   Indeed, such we understand
to be the prevailing practice in the courts of this state.

Defendant interposed challenges for cause to Mr. McLees
and Mr. Buckmaster, who were called as jurors.   Both chal-
lenges were denied; whereupon both proposed jurors were
excused upon peremptory challenges made by defendant who,
prior to the completion of the jury, exhausted the ten per-
emptory challenges allowed him.   Appellant contends the
effect of the ruling, since he was compelled to exercise two
of his peremptory challenges in eliminating the two jurors
whom it is claimed should have been excused for cause, was to
deprive him of the use of two challenges, thus contracting the
number to which he was entitled, and that the alleged error
was not cured, notwithstanding the fact that he did not offer
to exercise peremptory challenges to which he was not entitled,
or otherwise indicate dissatisfaction with the jury or any
member thereof as it was completed.   In support of this con-
tention he directs our attention to *People* v. *Weil,* 40 Cal. 268,
and *People* v. *Helm,* 152 Cal. 532, [93 Pac. 99], which cases
were followed by this court in deciding the case at bar on a
former appeal.   (*People* v. *Harrison,* 13 Cal. App. 555, [110
Pac. 345].)   The Helm case differs from this in that it was
shown by the record therein that defendant, after exhausting
his peremptory challenges, was by the ruling of the court
compelled to accept a juror whom he had challenged for cause.
In its opinion however, the court said: ''It makes no differ-
ence in this respect that no challenges for cause were inter-

posed by defendant to any jurors called to the box after the exhaustion of his peremptory challenges had been forced by the improper rulings of the court upon his challenges for cause. It may often happen that a juror most obnoxious to a defendant may successfully pass examination upon his *voir. dire.* That examination may disclose no ground for the interposition of a challenge for cause. Yet there may be some reason known to the defendant which would make it most prejudicial to him that the juror should be retained. Even more, the right to exercise peremptory challenges is absolute. Such a challenge may be exercised upon the mere whim or caprice of defendant; so that again we say that any rulings of a court which compel a defendant to exhaust his peremptory challenges and force him to accept jurors after his challenges have been so exhausted, become the proper subject of review.'' As against what was there said, we are confronted by the decision in the case of *People* v. *Schafer,* 161 Cal. 573, [119 Pac. 920]. If the challenges for cause interposed to McLees and Buckmaster were erroneously denied and defendant exhausted his peremptory challenges in relieving himself of these and other objectionable jurors before the jury was complete, all of which was done in this case, then, under the former decision on appeal in the case at bar (*People* v. *Harrison,* 13 Cal. App. 555, [110 Pac. 345]), the ruling was prejudicial error subject to review without interposing challenges for cause to jurors thereafter called to the box, or other expression of dissatisfaction with the jury. Under the rule, however, announced in this later case, alleged error in denying a challenge for cause is not subject to review under the circumstances here shown, unless it be made to further appear that defendant in some appropriate manner expressed his dissatisfaction with the jury as completed. Following this case, we might dismiss the discussion by stating that, notwithstanding the fact that defendant exhausted his peremptory challenges in getting rid of jurors who should have been excused for cause, the record fails to disclose facts entitling him to a review of the alleged error. Inasmuch, however, as what was said by this court on the former appeal was well calculated to have misled counsel as to the steps necessary to be taken in order to obtain a review of the alleged error, and the question arising as to whether or not that decision as to the

point involved does not constitute the rule of procedure in the subsequent trial, as to which fact, however, the justices of this court are unable to agree, we deem it proper to pass upon the alleged error of the court in denying the challenges for cause.

The objection to the qualification of the proposed juror Buckmaster was based upon the fact that on his *voir dire* examination he stated that, while he *would not* be prejudiced against defendant's case if he *failed* to take the stand as a witness, and that such failure *would not* in his mind relieve the prosecution of establishing defendant's guilt *beyond a reasonable doubt,* nevertheless, he *felt* that he *should* take the stand, and if accepted as a juror, he would go into the box with that impression and would arrive at a verdict on *less* evidence for the prosecution than if defendant was a witness in his own behalf. Not only does it appear that there was a conflict in the evidence, upon which the finding of the court must be deemed conclusive (*People* v. *Riggins,* 159 Cal. 113, [112 Pac. 862]), but the witness further stated on cross-examination that, notwithstanding his feeling, if the court instructed him that it was the right of the defendant not to go on the witness-stand, and that the fact of his refusal to testify should not be considered in reaching a verdict, he would and could without difficulty follow such instruction. The fact that the juror entertained an erroneous impression as to a matter of law subject to removal by an instruction of the court did not disqualify him, particularly when it was made to appear that as to such question he would be guided by the court's instructions.

The evidence as to the state of mind of Mr. McLees was likewise conflicting. While he had talked to two or three persons, not jurors or witnesses, about the case, such persons did not pretend to state to him any of the particulars or facts regarding the same, or attempt to give him any of the details thereof, and he entertained no opinion or impression as to the guilt or innocence of the defendant, and his condition of mind was such that he would be willing to be tried by a juror feeling as he did. He further testified that "what he had heard here" (presumably at the trial) led him to believe that he could not clothe the defendant at the inception of the trial with the presumption of innocence, by reason whereof

he stated it would require *less* evidence to prove defendant's guilt than if he had heard nothing about the case; that, notwithstanding such impression, he was quite certain that he could follow the instructions of the court as to the law which should govern the case, and if accepted as a juror he would do so, and was of opinion that he could act impartially and fairly in the case. As said in discussing the qualification of Buckmaster, the evidence is not only conflicting, but any impression existing in the mind of the proposed juror was due to an erroneous idea with reference to the presumption of innocence with which the law clothes a defendant at the inception of his trial, and as to which the juror stated he would be guided by the instructions of the court.

Defendant objected to the prosecutrix, Ruth Florence Sturtevant, testifying upon the ground that she was of unsound mind, and, as a witness, therefore, incompetent under the provisions of subdivision 1 of section 1880, Code of Civil Procedure. A preliminary examination was had from which the jury, over defendant's objection, was excluded, and at which hearing a physician was called by defendant as an expert witness, and whose testimony tended to show that the prosecutrix was of unsound mind in that, according to his opinion, she had not sufficient mentality to record events in her memory and correctly and truthfully relate and recount them. After the giving of his testimony, the witness herself, over defendant's objection, was examined upon her *voir dire,* after which the court determined that she was competent. Error is predicated upon each of these rulings. The witness was fifteen years of age and, under the law, presumed to be competent. It devolved upon defendant to prove her incompetent. In order to do this it must be made to appear by the record that the witness was wanting in sufficient intelligence to observe, recollect and communicate with regard to occurrences pertaining to the matter concerning which she was called to testify. The law, however, does not undertake to fix any standard of intelligence or capacity in this regard, but leaves its determination almost wholly to the discretion of the trial court. The testimony of the witness upon the preliminary examination, as disclosed by the record, shows that she possessed capacity mentally to understand the nature of questions put to her and give intelligent answers

thereto. This contradicts the opinion entertained by the physician. There is no evidence tending to show a want of a sense of moral responsibility, or any lack on the part of the witness of a recognition of a duty to make her answers correspond to her recollection and knowledge of the events as to which she was called upon to testify; hence, the existence of this element of competency must be presumed.

While the ruling of the court upon an objection to the competency of a witness made under subdivision 1 of section 1880, Code of Civil Procedure, is subject to review, and in this respect differs from like rulings upon objections to the competency of children under ten years of age (subd. 2, sec. 1880, *supra*), which rulings are not reviewable, nevertheless, from the nature of the case, and the fact that the law fixes no standard whereby to measure the competency of a witness alleged to be of unsound mind, the determination of the question is almost wholly in the discretion of the trial judge. (Wigmore on Evidence, sec. 496.) Indeed, we have been unable to find any decision where such ruling has been disturbed.

While appellant claims that the court erred in permitting an examination of the witness upon *voir dire,* he cites no authorities in support of the proposition. It seems clear to us that such an examination affords the very best evidence upon which to determine the question. The degree or kind of imbecility might be such as to render a witness wholly incompetent to testify upon one subject and at the same time fully competent to testify as to another matter. Moreover, the question to be determined is the condition of mind of the witness "at the time of his production for examination," which would seem to imply an examination of the witness himself.

The determination of the question of the competency of the witness was a matter solely for the trial judge. "Whether there be any evidence or not is a question for the judge; whether it is sufficient evidence is a question for the jury." (1 Thompson on Trials, sec. 318.) The jury were in no wise concerned with the question of its competency; hence, the court in the exercise of its discretion very properly excluded it from the hearing of the evidence required in the determination of a question purely of law. "Everything having a

tendency to prejudice or influence a jury in their delibera-
tions, which is not legally admissible in evidence on the trial
of the cause, should be, so far as possible, kept from coming
to their knowledge during the trial.'' (1 Thompson on
Trials, sec. 687.)  We find nothing in the authorities cited
by appellant wherein the courts have gone further than to
hold that the examination must be made in public and in the
presence of the accused.

After the court had ruled that the prosecuting witness was
competent to testify, and after her testimony had been re-
ceived, defendant, as a part of his case, called a physician as
a witness, by whom he proposed to show the condition of the
girl's mind as he found it at a period some two years preced-
ing the time when she was produced as a witness.  The court
sustained an objection to the proffered evidence and error
is predicated upon his ruling.  The declared purpose of the
evidence was to show that the prosecutrix was incompetent
some two years prior to the time when she testified.  In no
event could the proffered evidence be received.  The court
had properly ruled upon the competency of the witness at-
tacked; moreover, the evidence offered by defendant did not
relate to the question of her mental condition at the time
when she testified, but to a period long anterior thereto.
Neither could it be admitted for the purpose of impeachment,
for the reason that it is not one of the modes prescribed by
statute (Code Civ. Proc., secs. 2051, 2052) for impeaching
a witness.

Upon proof of the death of a witness who had testified at
the preliminary examination, a transcript of his testimony, in
so far as it was pertinent and related to the charge against
defendant, was received in evidence.  It appears that de-
fendant and one Webb Edwards were each separately charged
with a like offense committed upon the prosecutrix about the
same time and under the same surroundings.  By stipulation
it was agreed that the preliminary examination in both cases
should be held at the same time and together, and that the
evidence introduced should be considered as evidence in each
case.  The mere fact that the preliminary examinations were
held at the same time, at which a part of the evidence given
by the deceased witness related to the charge against Edwards

and a part thereof was concerning the offense charged against defendant herein, did not deprive the prosecution of its right, under section 686, Penal Code, to introduce such parts of the deposition as constituted competent evidence upon the trial of defendant.

Numerous errors are predicated upon the rulings of the court in admitting evidence of what appear to be isolated and immaterial facts. In support of this contention defendant directs our attention to *People* v. *Edwards,* 13 Cal. App. 551, [110 Pac. 342], the judgment and order in which case were reversed upon the ground of the admission of evidence relating to incidents and transactions connected with an offense with which the defendant in that case was not charged. It was said there that ''the major portion of the record is taken up with an account of a rape committed by the male companion of defendant upon the prosecuting witness.'' In that respect this transcript presents an entirely different case. We find no error in the rulings of the court in admitting evidence which upon this record could prejudice the rights of defendant.

The court refused to give several instructions requested by defendant, the subject matter of some of which had been covered by instructions elsewhere given. An examination of these rulings discloses no ground for complaint. The jury was fully and fairly instructed as to the law which should govern their consideration of the evidence in arriving at a verdict.

Mindful of the gravity of the offense charged and the severity of the judgment resulting from defendant's conviction, we have fully and carefully examined other alleged errors presented, but are unable to discover wherein any of the rulings complained of could by any possibility have prejudiced the substantial rights of defendant. The judgment and order appealed from are, therefore, affirmed.

James, J., concurred.

ALLEN, P. J., Concurring in the Judgment.—I concur in the judgment. The record, disclosing no reviewable error in denying the challenge of jurors for cause, renders unnecessary

any discussion of the question which would be involved had the action of the trial court resulted in restricting defendant's right of peremptory challenge conferred by statute.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 20, 1912.