854

■■■■■■■■■■■■■■■

**UNITED STATES**

v.

**Airman Theodore M. MOORE, Jr., FR 412–17–3216 United States Air Force.**

**ACM 23213.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 April 1981.

Decided 15 Dec. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Sidney L. Weiser, USAFR.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

**DECISION**

KASTL, Judge:

During an Article 39a, 10 U.S.C. § 839(a) session, the prosecution sought to bar cross-examination of a key government witness regarding her mental health evaluation four years earlier. The witness, a current Air Force member, had been evaluated for administrative discharge in 1977; she was diagnosed as possessing a passive-aggressive character and behavior disorder and exhibiting hostility to authority figures. However, she successfully completed a probation period and performed capably since then.

In support of its position, the defense claimed that the results of the evaluation affected credibility, tending to show the witness hostile and biased against the accused. In his ruling, the military judge directed defense counsel not to address the matter; he left open all other cross-examination as to possible witness bias against the accused. We reject the accused's contention that the judge erred in his ruling, and we affirm.

■■■ Under Rule 611(b), Mil.R.Evid., cross-examination is limited to the subject matter of direct examination and matters affecting credibility of the witness. The scope of cross-examination to impeach credibility by raising the witness's mental or emotional problems is within the sound discretion of the military judge. We find that, under the facts and circumstances here, the military judge did not err in refusing to permit such cross-examination. *United States v. Honneus*, 508 F.2d 566 (1st Cir. 1975), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 and *Garrett v. State*, 268 Ala. 299, 105 So.2d 541, 547 (1958). *See generally* Saltzburg, Schinasi and Schlueter, Military Rules of Evidence Manual 304 (1981) and Annot., 44 A.L.R.3d 1203, 1208 (1972). *See also* Weinstein, Evidence, § 611–31 (1979).

The evidence, four years old, was properly held too remote to be probative. *See*

*Cody v. State*, Okl.Crim.App., 361 P.2d 307, 323 (1961) and *People v. Harrison*, 18 Cal. App. 288, 123 P. 200, 203 (Ct.App.1912). *See generally* Annot., 20 A.L.R.3d 684, 696 (1968). However, we believe the contents of the mental health evaluation bore little relevance to the contested facts or the offense charged.* *People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977), cert. denied, 434 U.S. 1038, 98 S.Ct. 776, 54 L.Ed.2d 787 (1978).

The remaining assignment of error is resolved adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.

---

* The accused was tried by general court-martial for submitting a false claim to the United States in the amount of $1,158.00, in violation of Article 132, Uniform Code of Military Justice, 10 U.S.C. § 932. Despite his pleas, he was found guilty and sentenced to a dishonorable discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances and reduction to the lowest enlisted grade.