[Crim. No. 1361. First Appellate District, Division Two.—May 20, 1927.]

THE PEOPLE, Respondent, v. HAZEL BROWN, Appellant.

[1] CRIMINAL LAW — ABSENT WITNESS — TESTIMONY GIVEN ON PRELIMINARY EXAMINATION — READING TO JURY — FOUNDATION FOR— WAIVER.—An attorney for a defendant in a criminal prosecution may waive the duty resting on the prosecution to make a formal showing of its endeavor to locate and bring into court an absent

---

1. See 7 Cal. Jur. 931; 8 Cal. Jur. 564; 8 R. C. L. 69.

witness, before such witness' testimony given at the preliminary examination may be read to the jury.

[2] ID.—LARCENY—VERDICT—EVIDENCE.—In this prosecution for grand larceny, the evidence was sufficient to support the verdict of guilty.

---

(1) 16 C. J., p. 841, n. 97; 17 C. J., p. 223, n. 40.     (2) 36 C. J., p. 899, n. 34.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Myron Harris, L. A. Sullivan and H. L. Richardson, for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of grand larceny, she made a motion for a new trial, the motion was denied, and she has appealed from the order denying the motion and from the judgment of conviction.

According to the testimony of Raymond Smith, the complaining witness, he was on the evening of June 12, A. D. 1926, in the employ of the police department of the city of Oakland as an operative; that at about 9 o'clock on that evening he met the appellant Hazel Brown at the corner of Third and Lewis Streets in the city of Oakland; that she smiled at him as he passed and shortly thereafter he met her for the second time, whereupon she spoke to him; that they walked together from that point to an old building near the corner of Third and Center Streets in the city of Oakland, where, according to the story of Smith, the appellant asked him if he had two dollars for the purpose of intercourse; that he gave her the two dollars, but had no intention or desire of accomplishing such an act, but was merely performing his duty as a police operative; that he and the appellant stood there in or near the deserted building for several minutes; that during that time the appellant had one of her hands upon his left hip and the other upon his

person; that after a few minutes had elapsed he suggested
that they get a bottle of wine and go to a room,· which was
approved by appellant, but, as they started to walk away,
they were accosted by police officers and separated, the
police officers having taken the complaining witness Smith
to that vicinity a short time before in their automobile.
Both Smith and appellant were taken to police headquarters
by the officers, appellant riding on the back seat of the car,
Smith riding on the front seat with one of the officers. The
appellant was searched and the search revealed that she had
on her person the two dollars in silver which Smith had
given her and.which was marked money given to Smith by
the officers. One of the officers testified that on the back
cushion of the automobile in which appellant had ridden to
the police station he found seventeen dollars in currency.
Smith, the complaining witness, testified that earlier in the
evening of that same day he had changed a twenty-dollar
bill and had put seventeen dollars in currency in a leather
wallet and placed the same in his left hip pocket and that
so far as he knew the wallet had remained there all the
evening. He did not miss any money until his attention
was called by the officer to the fact that he, the officer, had
found the seventeen dollars in currency in the automobile.
There is also some testimony to the effect that there was a
piece of newspaper in the wallet after the appellant and
Smith had been taken to the police station and that the
wallet was at that time ripped or torn. Smith testified that
the paper was not in there earlier in the evening before he
met appellant and that the wallet was not at that time
ripped or torn. Smith also testified that he did not see or
feel the appellant remove anything from his pocket; that he
knew his wallet was there all the time because he could feel
its presence; that if appellant removed anything from his
pocket or from the wallet he did not know when or how she
did so. But Smith, the complaining witness, did not testify
that the seventeen dollars in currency was in the wallet in
his pocket at the time he was with appellant at the building.

[1] The first point made on the appeal is that the trial
court erred in allowing the district attorney to read to the
jury the testimony given by Raymond Smith in the police
court on the preliminary examination. After the jury had

been selected and after the deputy district attorney had made his opening statement, as the first testimony introduced, Mr. Chamberlain arose in court and stated that the witness Smith could not be located and that the defense would stipulate that his testimony taken at the preliminary examination might be read. Mr. Richardson, the attorney for the defendant, replied that the statement was correct. The trial court then inquired if it was stipulated that the deposition might be read and considered as evidence the same as if Mr. Smith was present, and the defendant's attorney answered in the affirmative. The direct examination of the witness was read by the district attorney and the cross-examination was read by the defendant's attorney. The defendant now contends that Mr. Richardson as an attorney did not have the right in behalf of his client to waive the duty resting on the prosecution to make a formal showing of its endeavor to locate and bring into court the prosecuting witness. In this behalf the appellant contends that she was entitled ''to be confronted with the witnesses against her'' (Pen. Code, sec. 686, subd. 3), and that a fundamental right may not be waived. In making this contention the appellant cites no authority that directly sustains her contention. So far as we know the exact point has not been decided. However, the case of *People* v. *Clark*, 151 Cal. 200 [90 Pac. 549], is very nearly in point. In that case the deposition of a witness taken on the preliminary examination was offered in evidence. The defendant made the objection that it was immaterial, irrelevant, and incompetent. Later he urged other objections. After stating the facts and the contention made by the appellant, on page 205, the court said: ''Under these circumstances, the defendant must be held to have waived this objection.'' There are numerous cases involving other statutory rights in which it was held that the defendant waived the right by failing to object in the trial court. (*People* v. *Suesser*, 142 Cal. 354 [75 Pac. 1093]; *People* v. *Rodley*, 131 Cal. 240, 251, 252 [63 Pac. 351].) We think the point is not well taken.

[2] The second point made by the appellant is to the effect that the evidence was not sufficient to support the verdict. In this connection she claims that the testimony

"is inherently improbable, unreasonable and unbelievable." That argument, no doubt, was presented to the jury. By reason of the verdict we must assume that the jury found to the contrary. Under the particular facts of this case we think the verdict should not be disturbed. (*People* v. *Troutman,* 187 Cal. 313, 315 [201 Pac. 928].)

We find no error in the record. The order and judgment are affirmed.

Koford, P. J., and Nourse, J., concurred.