[Crim. No. 1708. In Bank.—December 14, 1911.]

## THE PEOPLE, Respondent, v. WILLIAM SCHAFER, Appellant.

CRIMINAL LAW—BURGLARY—INFORMATION—ENTERING "BEAM HOUSE" OF TANNERY TO COMMIT LARCENY.—Under section 459 of the Penal Code, and in the absence of a demurrer, an information for burglary, which alleges that at a specified time and place the defendant "then and there willfully, unlawfully, feloniously, and burglariously did enter that certain portion and part of the plant, premises and building" of a named corporation, "said por-

tion and part of said plant, building, and premises being designated, called and known as the 'Beam House,' with the felonious and burglarious intent . . . then and there . . . at and in said 'Beam House' to commit the crime of larceny," sufficiently avers an unlawful entry of a house of such corporation, with intent therein to commit the crime of larceny.

Id.—Challenge to Juror—Peremptory Challenges — Disallowance of Challenge for Cause—Want of Showing of Occasion to use Additional Challenge.—The disallowance of a challenge for cause on the ground of actual bias, interposed to a juror who was subsequently peremptorily challenged by the defendant, will not be reviewed on appeal for error, where the record, while it shows that the defendant exhausted his ten peremptory challenges, including the one used on such juror, fails to show that he had occasion or desire to use an additional peremptory challenge, or that each and all of the twelve jurors finally accepted and sworn were not entirely satisfactory to him.

Id.—Instructions—Remark of Court to Counsel during Examination of Jurors.—A remark made by the court to counsel in connection with a ruling upon a challenge of a juror, to the effect that a person would naturally believe the testimony of a person he knew and who was satisfactory to him, in preference to the testimony of one he did not know, cannot be construed as an instruction to the jury to believe the witnesses they knew and to mistrust those they did not know, and must be deemed to have been without prejudice.

Id.—Evidence—Letter of Defendants—Intention to Escape—Admission of Guilt.—A letter proved to have been written by the defendant while in the county jail awaiting trial, containing written declarations of his purpose and intention to escape from jail if possible, and also matter that might be reasonably construed as an admission of his guilt, is admissible in evidence against him, notwithstanding he made no attempt to carry his purpose into effect. An objection that certain portions of such letter were inadmissible, if not raised in the court below, cannot be considered on appeal.

Id.—Evidence of Burglary in First Degree—Entry of Building during Night-Time.—That the burglary was committed during the period between sunset and sunrise, and was thus burglary of the first degree, is sufficiently sustained by evidence to the effect that the articles asported, consisting of about fourteen hundred pounds of hides which were carried from a tannery by means of a wagon, were taken some time after five o'clock P. M. of the afternoon of October 13, 1910, and prior to seven o'clock A. M. of the next day, and that the defendant was seen at about two-thirty A. M. of October 14th, about three and a half miles north of the place of the robbery, driving a single horse attached to a wagon, and headed away from such place, and that the horse was wringing wet.

ID.—DISCRETION OF TRIAL COURT IN IMPOSING PUNISHMENT—APPELLATE
    COURT CANNOT REVIEW.—In this state, the determination of the
    trial court as to the penalty to be adjudged on conviction of a
    public offense is conclusive upon all appellate courts, provided the
    court adjudges a penalty which is within the limits authorized by
    the statutes.

APPEAL from a judgment of the Superior Court of Solano
County, and from an order refusing a new trial. A. J.
Buckles, Judge.

The facts are stated in the opinion of the court.

Louis Ferrari, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy
Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was convicted of burg-
lary in the first degree, and appealed from the judgment and
from an order denying his motion for a new trial. The appeal
was transferred to this court for determination after decision
by the district court of appeal for the third district, affirming
such judgment and order.

1. It is urged that the information does not state a public
offense. After accusing defendant and one Daniel McFadden
of the crime of "burglary, committed as follows," it proceeds:
"The said Daniel McFadden and William Shafer, on or about
the 14th day of October, A. D. nineteen hundred and ten, at
the said county of Solano, state of California, . . . at and in
the city of Vallejo then and there willfully, unlawfully,
feloniously, and burglariously did enter that certain portion
and part of the plant, premises and building of the Santa
Rosa-Vallejo Tanning Company, a corporation, said portion
and part of said plant, building and premises being designated,
called and known as the 'Beam House'; with the felonious and
burglarious intent . . . then and there . . . at and in said
'Beam House' to commit the crime of larceny, contrary to the
form, force, and effect of the statute" etc. The claim is that
the information does not allege that the defendants entered
any place as to which burglary may be committed under our
statute. The statute (Pen Code, sec. 459) provides that "every
person who enters any house, room, apartment, shop, ware-

house, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary." No demurrer was interposed to this information and there is no pretense that the defendant was not fully advised thereby as to the precise charge against him. His claim, after trial and conviction, simply is that it so absolutely fails to show the offense of burglary that it cannot serve as sufficient support for the conviction and judgment. While the information, as said by the district court of appeal, is "open to some criticism," and contains more words than necessary, we think it substantially alleges an unlawful entry of a house of the Tanning Company, with intent therein to commit grand larceny. No other construction could reasonably be given to the language used. The qualifying word "beam" used in the information does not detract from the effect of the word "house," which denotes one of the structures named in section 459 of the Penal Code. Substantially the information alleged that the defendants unlawfully entered the "Beam House" of the Tanning Company, with intent therein to commit larceny. It thus sufficiently stated a public offense to support a judgment.

2. It is claimed that the trial court erred in disallowing a challenge for cause interposed to juror William Fraser on the ground of actual bias. It is unnecessary to determine whether there was any error in this ruling. Mr. Fraser was subsequently peremptorily challenged by the defendant and did not serve as one of the jurors. While the record shows that the defendant did subsequently exhaust his ten peremptory challenges, it does not appear that he had occasion or desire to use an additional peremptory challenge, or that each and all of the twelve jurors finally accepted and sworn were not entirely satisfactory to him. All that the record shows in this connection is the examination of Mr. Fraser and the proceedings and ruling upon the challenge for cause interposed to him, and the fact that the defendant used ten peremptory challenges, including that used on Mr. Fraser. This is not enough to warrant reversal for error in the ruling on the challenge for cause to Mr. Fraser. It is entirely consistent with the record that the twelve jurors who actually tried the case were absolutely satisfactory to defendant, and that he desired all of them to serve and would not have excused any one of them if he had been

given the opportunity. After judgment, the contrary should not be presumed. It was said in *People* v. *Durrant,* 116 Cal. 196, [48 Pac. 78] : "Thompson on Trials, section 120, thus declares the principle: 'It is a rule of paramount importance that errors committed in overruling challenges for cause are not grounds of reversal, unless it be shown an objectionable juror was forced upon the challenging party after he had exhausted his peremptory challenges; if his peremptory challenges remain unexhausted, so that he might have excluded the objectionable juror by that means he has no ground of complaint.' The rule above stated finds overwhelming support from the authorities." It is true that in *People* v. *Durrant,* 116 Cal. 196, [48 Pac. 78], the defendant had not exhausted his peremptory challenges when the jury was completed, but the fact that he does exhaust them does not preclude the application of the rule above quoted. The important thing is that it does not appear that an objectionable juror was forced upon the defendant. This rule was applied by the supreme court of Nevada in *State* v. *Raymond,* 11 Nev. 98, where the court said: "In *Fleeson* v. *Savage Silver Mining Company,* [3 Nev. 157], the supreme court of this state said that 'the rules governing the impanelling of juries, the introduction of evidence, and the general conduct of trials, are but the means by which such right is to be obtained,' and that if it appeared 'that a departure from them did not defeat or affect the ultimate object of the trial, it would be a mockery of justice to set aside a judgment, otherwise proper and regular, because of such departure.' And it was there decided that if a juror is challenged for cause, that challenge is overruled, and he is then challenged peremptorily, there does not necessarily arise any inference that the challenging party is thereby injured; that an injury could only arise in case the challenging party was compelled to exhaust all his peremptory challenges, and afterward have an objectionable juror placed on the panel for the want of another challenge. This general principle, to which we adhere, has been frequently decided in both civil and criminal cases." In *People* v. *Riggins,* 159 Cal. 113, [112 Pac. 862], relied upon by defendant, the opinion states not only that the defendant exhausted all his peremptory challenges, but that by reason of the rulings of the court he was forced to accept McKeen, a juror objectionable to him

CLXI Cal.—19

and challenged for cause by him, and also that he asked the privilege of challenging McKeen peremptorily, and that his request was denied.

3. Complaint is made of a remark made by the trial court in a discussion with defendant's counsel as to the merits of the challenge interposed to Mr. Fraser, before the ruling thereon. Fraser had testified that he knew Mr. Johnson, a probable witness for the state, and on being asked whether in view of his acquaintance with him he would believe him in preference to another witness whom he did not know, answered that he would. Counsel then challenged the juror for cause, whereupon the court said: "Not on that: that is the principle observed by every one. If you know a man and he is perfectly satisfactory to you, and if you don't know the other man testifying, you would naturally believe him first." The claim appears to be that this remark of the court was in effect an instruction to the jury that they must believe the men they knew and mistrust the men they did not know. Of course, what the court said was not by way of instruction to the jury at all, and could not have been considered by any juror as such, but was simply a remark to counsel. The court's instructions to the jury were given later and were so fair that absolutely no complaint is made concerning them on this appeal. The claim that the remark was of such a character as to operate to defendant's prejudice in the minds of such jurors as may have been present in the courtroom at the time appears to us to be utterly without basis. Evidently counsel for defendant perceived nothing prejudicial in the remark at the time it was made, for no objection or exception was then made to the same and nothing was said in regard thereto until the case reached the appellate court.

4. A letter written by defendant while he was in the county jail awaiting trial was admitted in evidence over his objection. As to this ruling the district court of appeal said: "A letter written by appellant in the county jail was admitted over his objection. It was delivered to the jailer by one Edwin Hines, 'a trusty,' two or three days before the latter's term of imprisonment had expired. Hines was not a witness in the case —presumably for the reason that he could not be found. The letter, however, was produced by the jailer with the foregoing explanation and it was clearly shown to be in the handwriting

of appellant. The superscription was 'Friend Ed' and a portion of the letter was as follows: 'Hello Ed. Now Ed, can I depend on you Tuesday night? Now Ed don't disappoint me when the lights go out. Be here with the steel saw. I guess one steel saw will do the work. I can work in here in the daytime, two bars inside and one outside. The bar outside I can get out in two hours. It is a snap.' Among additional things the letter contained this declaration: 'We are in a hell of a hole, you know that.' We can see no error in the ruling of the court admitting the letter in evidence. It contained written declarations by appellant of his purpose and intention to escape from jail if possible, and also that which might be reasonably construed as an admission of his guilt. If similar oral statements had been made by appellant, testimony concerning them could certainly be received. That he reduced them to writing makes them no less admissible. They are received as tending to reveal a consciousness of guilt, and the fact that appellant was not furnished the saw and therefore he made no attempt to carry his purpose into execution does not affect the question. Appellant complains that certain portions of the letter should not have been admitted, but he made no such objection in the court below, his opposition being to the letter as a whole, and it is too late to make the point now."

No objection to this portion of the opinion of the appellate court has been made in this court. It appears to us to correctly dispose of the claim made by defendant's counsel that the court erred in admitting the letter, and we adopt the same as a portion of this opinion.

5. It is urged that the evidence was insufficient to sustain a verdict of guilty of burglary of the first degree, which is burglary committed during the period "between sunset and sunrise." (Pen. Code, secs. 460 and 463.) There is no foundation in the record for any such claim. The evidence is without dispute to the effect that the burglary was committed between five o'clock P. M. of the afternoon of October 13, 1910, and some time prior to seven o'clock A. M. of October 14, 1910, that it had not been committed when Johnson left the tannery at five P. M. on October 13th, leaving the place unoccupied by any one, and that it had been committed when he returned some time before seven A. M. the next morning. The parties committing the burglary took from the house entered

by them hides weighing at least fourteen hundred pounds and loaded them on a wagon brought to the tannery for the purpose. Added to the almost necessary inference that this was not accomplished either in the short period between five P. M. and sunset on October 13th, or in the short period between sunrise and a few minutes before seven A. M. on October 14th, is the testimony of a witness to the effect that he saw Schafer and his co-defendant about two-thirty A. M. on the morning of October 14th about three and a half miles north of Vallejo, driving a single horse attached to a wagon, headed north (going from Vallejo), and that the horse was wringing wet.

6. It is urged that the court abused its discretion in sentencing the defendant to ten years' imprisonment in the state prison. The punishment awarded may appear somewhat severe, if, as is claimed, defendant had never before been convicted of any public offense, in view of the fact that the building entered was uninhabited and the property stolen was valued at something less than one hundred and thirty dollars. But in this state the determination of the trial court as to the penalty to be adjudged on conviction of a public offense is conclusive upon all appellate courts, provided the court adjudges a penalty which is authorized by the statutes of the state. Section 461 of the Penal Code, makes burglary of the first degree punishable by imprisonment in the state prison "for not less than one nor more than fifteen years." As the trial court confined itself within these limits, its action is beyond review by the courts on appeal.

The judgment and order denying a new trial are affirmed.

Melvin, J., Lorigan, J., Shaw, J., Henshaw, J., and Sloss, J., concurred.