[Crim. No. 2366. In Bank.—November 7, 1921.]

## THE PEOPLE, Respondent, v. HOLMES F. TROUTMAN, Appellant.

[1] CRIMINAL LAW—LEWD AND LASCIVIOUS ACT—SUFFICIENCY OF EVIDENCE.—On this appeal from a judgment of conviction of violation of section 288 of the Penal Code, the testimony of the complaining witness is held not to be so inherently improbable as to be unworthy of belief, although it reveals an exceptional depth of moral degeneracy.

[2] ID.—CONSTRUCTION OF SECTION 288, PENAL CODE — ERRONEOUS REFERENCE.—The reference to "Part Two" in section 288 of the Penal Code, making it an offense to commit any lewd or lascivious act "other than the acts constituting other crimes provided for in Part Two of this code," should be construed as a reference to "Part One," as the reference was either a legislative oversight or a clerical misprision.

[3] ID.—COMPLAINING WITNESS—ACCOMPLICE.—In a prosecution for violation of section 288 of the Penal Code, the complaining witness cannot be an accomplice regardless of his mental capacity, moral insight, or acquiescence, where the defendant is over the age of fourteen years, since the gist of the offense is the crime against a child under the age of fourteen years.

[4] ID.—EVIDENCE—TESTIMONY OF COMPLAINING WITNESS—CORROBORATION.—In a prosecution for violation of section 288 of the Penal Code corroboration of the testimony of the complaining witness is not required.

[5] ID.—ACTS COMMITTED AFTER AGE OF FOURTEEN YEARS—CORROBORATION.—In a prosecution for violation of section 288 of the Penal Code corroboration is not required of the testimony of the complaining witness relating to the commission of similar acts by the defendant subsequent to the act charged and after the witness

5. Age of alleged accomplice in sexual offense as affecting the necessity of corroboration of testimony, note, L. R. A. 1915E, 1222.

became of the age of fourteen years, admitted to show the disposition of the defendant to commit the act charged.

[6] ID.—LETTERS OF DEFENDANT—CONSTRUCTION—INSTRUCTION.—In a prosecution for violation of section 288 of the Penal Code the defendant was not entitled to an instruction that the jury were to give an innocent construction to letters written by defendant to the complaining witness because the mother of the witness gave them such a construction when they were received and before she was informed of the alleged acts.

[7] ID.—OTHER OFFENSES—EFFECT OF PROOF—INSTRUCTION.—An instruction that testimony had been introduced tending to prove other lewd acts for the purpose of proving the lewd and lascivious disposition of the defendant, and not to prove distinct offenses, but such evidence was corroborative evidence tending to support the offense charged, was not erroneous.

[8] ID.—JURY — EXERCISE OF PEREMPTORY CHALLENGES — DEPARTURE FROM CODE PROCEDURE—LACK OF PREJUDICE.—A defendant cannot complain of an alleged violation of section 1088 of the Penal Code, which provides that first the people and then the defendant shall take a peremptory challenge, by the action of the court in permitting the district attorney to exercise one peremptory challenge after passing his challenge several times, where the defendant after exercising nine of his peremptory challenges, leaving one unexercised, and the state exercising only the one challenge, expressed satisfaction with the jury.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ostrander & Carey for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LENNON, J.—The order granting a rehearing of this case was prompted by the earnest and persuasive petition for a rehearing after decision by the district court of appeal. Here, as in the court of appeal, a reversal was sought primarily upon the contention that the evidence adduced in support of the people's case was so inherently improbable as to be unworthy of belief, and, therefore, insufficient to support the jury's verdict of guilty. Accordingly, we have, in addition to giving due consideration to the remaining

points made in support of the appeal, painstakingly reviewed
and considered in every detail the evidence adduced upon
the whole case, with the result that we are constrained to
hold, as did the district court of appeal, that the evidence
is sufficient to support the verdict and judgment.

[1] Conceding, as is contended, that at the time of the
commission of the crime charged the physical condition of
the boy, not necessary to be detailed here, upon whose
person the crime charged was found by the jury to have
been committed by the defendant, who was so diseased as
to be abhorrent and, therefore, was calculated to repulse,
rather than arouse, the unnatural lascivious desires even
of an extremely morally degenerate man, nevertheless we
are not satisfied that the evidence upon which the conviction
was had is so inherently improbable as to be altogether un-
worthy of belief. While the testimony of the complaining
witness concerning the details of the commission of the crime
is so out of the ordinary in its revelation of revolting details
as to be startling in the extreme and difficult to believe,
still it cannot be held to be unbelievable merely because it
reveals an exceptional depth of moral degeneracy. To so
hold would be "purely a speculative attempt to sound the
depths of human depravity and assign arbitrary rules be-
yond which desire and passion are held to be incapable of
seducing or impelling human nature." (*People* v. *Von
Perhacs,* 20 Cal. App. 48, [127 Pac. 1048]; *Stout* v. *State,*
22 Tex. App. 339, [3 S. W. 231].) It will be unnecessary to
prolong a discussion of this phase of the case, for, apart
from what we have said, we are satisfied that the case is
adequately dealt with in so far as the sufficiency of the evi-
dence is concerned and correctly decided from every point
of view by the district court of appeal in the opinion of
Mr. Presiding Justice Langdon, which we quote and adopt
as follows:

"This is an appeal by the defendant from a judgment
of conviction of violation of section 288 of the Penal Code.
A motion for a new trial was denied, from which order an
appeal is also taken.

"A discussion of the facts does not seem to us necessary,
and in view of the nature of the testimony, detailed consid-.
eration of the evidence will not be made in this opinion.
It is sufficient to say that the evidence has been read with

care and that we cannot agree with the appellant that the testimony of the boy against whom the crime is alleged to have been committed presents such inherent improbabilities as to entitle it to no credence as a matter of law, and thus leave the record with no legal evidence to sustain the conviction. It is, of course, true that all offenses under this section, by their very abnormality, are improbable measured by the standard of the normal; but the observation and experience of any court handling criminal records demonstrates that many such cases do occur, and their facts are, therefore, not inherently improbable, as that phrase is used in the law. As to the especially revolting facts in this case in connection with the alleged acts, which are urged by appellant as making the testimony of the boy unbelievable and inconceivable, it is sufficient to observe that once a man slips away from normal, once he enters the uncharted region of abnormality, the details and depths of degradation which his actions will show can no longer be measured. For the normal man, we have a standard from human experience; but for the abnormal, there are no rules of conduct. The argument of inherent improbability was doubtless made to the jury, where it was a proper one, but these men and women believed the testimony of the boy, and even under the unusual conditions shown by the evidence did not find the facts unbelievable. We cannot, therefore, as a matter of law, say that the revolting conditions surrounding the abnormal acts in this case render the commission of them by the defendant inherently improbable.

[2] "Objection is made by appellant that no crime is charged in the information against the defendant, because section 288 of the Penal Code is unconstitutional upon the ground that it is vague, ambiguous, indefinite, and uncertain. The specific objection to the section is that the language, 'Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two of this code,' etc., is unintelligible in that 'Part Two' of the code referred to relates solely to criminal procedure and does not describe acts constituting other crimes. This precise objection was considered in the case of *People* v. *Bradford,* 1 Cal. App. 42, [81 Pac. 712], where the court said that it was evident that either by legislative oversight or by clerical misprision the words 'Part

Two' were inserted for the words 'Part One' in such section, and that it should be so construed. Appellant refers to this case in his brief, but asks this court to overrule it. We see no justification for so doing, and we consider the question of the validity of this section, against such an attack, as settled in this state.

[3] ''Appellant makes various objections to instructions given and refused by the trial court. His main objection is that the evidence shows the prosecuting witness to be an accomplice, regardless of his age, because of his intelligence, education, and understanding of moral questions, and that the refusal of the court to leave the question of whether or not the boy was an accomplice to the jury, and to instruct the jury that if they so found, his testimony would require corroboration to sustain a conviction, was prejudicial error. Much argument is indulged in by the appellant regarding the law relating to accomplices, and the responsibility of minors for crimes, etc. We are of the opinion that none of the rules discussed governing these matters are applicable to a case such as the present one. The inquiry here is not at all as to the guilt or moral responsibility of the child, and under the section of the code under which the conviction here was had, the minor is guilty of no legal offense, regardless of his mental capacity or moral insight and regardless of his acquiescence. A different situation might exist if the defendant here was of the age of thirteen years and charged with any act included in section 288 against 'a child under the age of fourteen years.' Then the question of the defendant's knowledge of right and wrong would be important. It would be a question of fact, and the disputable presumption regarding the responsibility of infants between the ages of seven and fourteen years for crimes might be rebutted by the evidence. But the gist of the offense under section 288 is the crime against a 'child under the age of fourteen years,' and in the present case, the prosecuting witness, even if it were overwhelmingly proved that he had full knowledge of right and wrong and that he had innumerable vicious and criminal tendencies himself, and that he had suggested to the defendant (a man of thirty-eight years of age) the commission of the act charged against said defendant, yet he would not be guilty of an offense under sec-

tion 288, for the gist of that offense is that the act is committed with one under the age of fourteen years.

[4] ''Section 1111 of the Penal Code, while requiring the testimony of an accomplice to be corroborated in order to sustain a conviction, expressly defines an accomplice as 'one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.' However, in addition to the foregoing reasons, it has been expressly decided in this state, in the case of *People* v. *Raich*, 26 Cal. App. 286, [146 Pac. 907], that there is no statute or other rule of law which calls for the corroboration of the testimony of a complaining witness in a case of this character. Also, in the case of *People* v. *Thourwald* (Cal. App.), 189 Pac. 124, it is said, in considering a conviction under this same section: 'Upon her testimony [the prosecutrix] alone a verdict of conviction may securely rest,' and it is then pointed out that no corroboration is required in cases of rape, and that the same rule applies to cases under section 288 of the Penal Code. Furthermore, there is some corroboration of the boy's testimony in the letters appearing in the record which were written to him by the defendant from time to time. The appellant contends that under certain cases in this state, such corroborating evidence is insufficient. But be that as it may in a case where corroboration is required—under the ruling in the cases of *People* v. *Raich* and *People* v. *Thourwald, supra,* corroboration of the testimony of the prosecuting witness is unnecessary in a case like the present one, and, therefore, we are not concerned with whether or not the possible inference which the jury might draw from the letters would have sufficiently corroborated the boy's story.

[5] ''A somewhat different, though a closely related, proposition to the one just discussed is involved in the further contention of counsel that testimony of the boy relating to the commission of similar acts by the defendant subsequent to the act charged, and after October 30th, when the boy became fourteen years of age, was improperly admitted to show the disposition of the defendant to commit the act charged. It is appellant's contention that even though it be held that the boy was not an accomplice while he was under the age of fourteen years and while he came within the scope of section 288 of the Penal Code, nevertheless,

as to acts committed after he reached the age of fourteen years, he would be an accomplice, and as to such acts, at least, the court should have instructed the jury that his testimony must be corroborated. There is no merit in this contention, as it was not necessary to prove any offense except the one selected by the district attorney as the charge upon which the state relied for a conviction. The instruction given by the court, of which complaint is made, did not refer to other 'crimes,' but referred to other 'acts' which it was stated were introduced to show the disposition of the defendant to commit the act charged, and as corroborative evidence of the main charge.

[6] ''Reference has been made herein to certain letters written by the defendant to the prosecuting witness. These letters were introduced in evidence, and appellant contends that the jury should have been instructed specifically that they must give the letters an innocent construction for the reason that the mother of the boy saw these letters as they were received by him, and gave to them an entirely innocent construction. We do not see how the jury could be bound by the construction given to the letters by the mother before she was in possession of the information given by her son's testimony. The letters are not isolated from all other facts when being construed by the jury; they are interpreted in the light of all the other testimony in the case. It is perfectly clear from the record that when the mother was informed by her son of the alleged acts, she no longer gave to the letters of the defendant an innocent construction, but that, thereupon, such letters became exceedingly significant to her. We see no error in the action of the trial court in permitting the letters to go to the jury.

[7] ''Complaint is made of the following instruction: 'Testimony has been introduced by the prosecution tending to prove other acts of lewd and lascivious conduct of the defendant toward Herbert Cramer, prior to and subsequent to the acts relied upon for conviction. This evidence is introduced for the purpose of proving the lewd and lascivious disposition and tendency of the defendant to commit the lewd and lascivious acts. This evidence is not introduced to prove distinct offenses but is corroborative evidence tending to support the one specific offense for which the defendant is being tried.' Appellant contends that this instruction

positively asserts the existence of a fact, i. e., that the proof of similar offenses is corroborative of the main charge. Practically the same instruction was approved in the case of *People* v. *Gasser,* 34 Cal. App. 541, 544, [168 Pac. 157]. Certainly it is well recognized that in cases of this character, evidence of similar acts tending to prove a lewd and lascivious disposition and the tendency of the defendant to commit lewd and lascivious acts would be corroborative of the specific charge. There is nothing in this instruction, nor in the other instructions, which would prevent the jury from disbelieving the entire testimony of the prosecuting witness, both as to the main charge and the other offenses tending to show a lascivious disposition; and we think that appellant's contention that this instruction is, in effect, a direction to the jury to find the defendant guilty is without merit.

"Numerous objections are made with reference to other instructions of the trial court. It can serve no useful purpose to consider, specifically, each of these. The instructions as a whole must be read together, and after such reading, we are convinced that no error prejudicial to the defendant was made. Under the instructions, taken as a whole, his rights were fully protected. The simple fact is that the jury believed the story of the boy and did not believe the story of the defendant. There is no other direct evidence upon the charge. We do not think it can be said that the evidence was such that reasonable men could not have reached the conclusion arrived at in this case.

[8] "It is further urged by the appellant that error was committed in selecting the jury in this case, and that the trial court should have required the district attorney to exercise his peremptory challenge before the defendant was called upon to exercise his challenge. The district attorney was permitted to pass his peremptory challenge on several occasions, and after passing his challenge more than five times, was permitted to exercise one peremptory challenge. Appellant contends that this is a violation of section 1088 of the Penal Code, which provides that 'first the people and then the defendant shall take a peremptory challenge.' Section 1404 of the Penal Code provides that 'neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor any error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in

respect to a substantial right.' If an error in procedure was committed by this practice of the trial court, we fail to see how such an error tended to the prejudice of the defendant, and, certainly, there is no showing made of any actual prejudice suffered by him therefrom.

"Furthermore, it appears from the record that defendant exercised only nine of his peremptory challenges, thus leav-. ing one unexercised. The state exercised only one such challenge. The record shows that after these challenges were exercised the attorney for the defendant stated: 'We are satisfied,' whereupon the district attorney stated: 'So are we.' It appears, therefore, that the defendant had an additional challenge unexercised which he did not desire to use because the jury as constituted was satisfactory to him. Under such circumstances, he cannot complain here of any irregularity, if irregularity there was, in allowing his peremptory challenge to the people. It was held in *Baird* v. *Duane,* 1 Cal. Unrep. 492, that error in refusing to allow a challenge for cause is not prejudicial if the party, although forced thereby to use a peremptory challenge, has a peremptory challenge to spare when the jury is completed. It was held in the case of *People* v. *Schafer,* 161 Cal. 573, [119 Pac. 920], that the disallowance of a challenge for cause on the ground of actual bias, interposed to a juror who was subsequently peremptorily challenged, will not be reviewed on appeal for error, where the record, while it shows that the defendant exhausted his ten peremptory challenges, including the one used on such juror, fails to show that he had occasion or desire to use an additional peremptory challenge, or that each and all of the twelve jurors finally accepted and sworn were not entirely satisfactory to him. The reason for the rule announced in the last cited case, and the full discussion of the subject therein, apply with equal force in the present case. The defendant having expressly stated that the jury was satisfactory to him, and having one of his peremptory challenges unexercised at the time the jury was accepted, his objection here is without merit.

"We find no errors in the record which would warrant a reversal of this judgment under all the facts in evidence, and the same is affirmed."

Wilbur, J., Shurtleff, J., Lawlor, J., Angellotti, C. J., Sloane, J., and Shaw, J., concurred.