[Crim. No. 3196. In Bank.—April 10, 1929.]

THE PEOPLE, Respondent, v. LOUIS C. BARRETT, Appellant.

48

H. Wenzlaff for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul, for Respondent.

THE COURT.—An information filed against the defendant in the county of San Bernardino charged him with having permitted his wife to remain in a house of prostitution, and with pimping. The jury found him guilty as charged, and also found that he had suffered three prior felony convictions, as specified in the information. He was thereupon adjudged to be an habitual criminal and sentenced to the penitentiary for "not less than life" for each offense. From the judgment and order denying his motion for new trial this appeal has been prosecuted.

The principal point urged on the appeal has to do with the trial court's method of conducting the *voir dire* examination of the talesmen summoned to try the cause, it being contended by the appellant that he was denied the right secured to him by the provisions of section 1078 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1039), of reasonably examining the prospective jurors. In this particular there is presented a situation strikingly similar to the one developed upon the trial of the case of *People v. Estorga*, 206 Cal. 81 [273 Pac. 575], recently decided

by this court. This similarity is attributable to the fact that both causes arose in the same county, and were tried before the same judge. In fairness to the trial judge, however, it must be said that the trial of this cause antedated the filing of our decision in the Estorga case, *supra,* wherein we expressed our disapproval of his method of collectively examining the entire panel before the drawing of any names from the jury-box, and then restricting counsel's examination to such matters as had not been covered by the court's rather general examination. Primarily because the defendant in the Estorga case had taken the stand and admitted the commission of the grave offenses with which he stood charged, we hesitated to declare the error so prejudicial, within the meaning of section $4\frac{1}{2}$ of article VI of the constitution, as to require a reversal. We, therefore, affirmed the judgment and order in that case.

In the case now before us the situation differs somewhat in that, while there is ample evidence in the record to support appellant's conviction on each count of the information, his denial on the stand of the commission of the offenses charged against him, together with certain statements of his wife, the prosecution's chief witness, contained in letters written by her prior to the trial of the cause, wherein she declared the appellant to be innocent of wrongdoing, served not only to create a conflict in the evidence, but also tended in some measure to destroy the credibility of the state's leading witness. In the light of these circumstances, it must be held that the error now under consideration is of sufficient gravity to warrant a reversal of the judgment and order, for it cannot now be positively asserted that ''the result was just, and that it would have been reached if the error had not been committed . . . '' (*People* v. *Estorga, supra.*) The effect of the trial court's procedure in the matter of the examination of jurors on *voir dire* was to effectively stifle any attempted detailed examination of the talesmen by counsel for the purpose of developing possible grounds for challenge for cause, thus depriving appellant of the constitutionally guaranteed right of a trial by jury, including the right to the selection of a fair and impartial jury. We are not prepared to say that the prejudicial character of the error was in any way lessened or destroyed

by defense counsel's rather passive acceptance of, and virtual acquiescence in, the course dictated by the lower court.

The judgment and order are, and each is, reversed, and the cause is remanded to the Superior Court, in and for the County of San Bernardino, for a new trial.