[Crim. No. 582.   Fourth Dist.   Apr. 16, 1947.]

THE PEOPLE, Respondent, v. ALVON J. BUGG,
Appellant.

Jamison & Jamison for Appellant.

Fred N. Howser, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced on Alvon J. Bugg, and from an order denying his motion for new trial, in a case where he was charged, together with R. C. Bugg, with the crime of resisting an officer. R. C. Bugg was acquitted and we will hereafter refer to Alvon J. Bugg as the defendant.

We find it necessary to summarize the evidence supporting the verdict and judgment but will not concern ourselves with conflicting evidence.

O. R. McMillen was deputy constable of Porterville Township of Tulare County. Doyle E. Grigsby, Lloyd A. Hensley and William E. Vaughn were police officers of the city of Porterville in Tulare County.

On the evening of September 14, 1946, Grigsby and McMillen were on duty at the Green Mill, a dance hall located in the city of Porterville. There was a disturbance outside and the two officers went out to investigate. They saw defendant strike another person, knocking him down. They went up to defendant and told him he was under arrest. Defendant hit Officer McMillen on the jaw. Officer Grigsby took defendant by the arm and defendant made "four or five passes" at him. Grigsby worked his gas gun out of his pocket and was about to discharge it at defendant's chest when defendant struck his arm forcing it up so that the gun discharged in defendant's face. Defendant cursed the officers and the attitude of the crowd was threatening. The officers sent a third party to Porterville for additional police officers. Help was slow in coming so the two officers also went to Porterville for assistance. When they returned to the Green Mill they found officers Hensley and Vaughn at the scene. They had arrived in a city police car. They were holding defendant who had kicked officer Hensley in the groin. The officers finally got one handcuff on defendant and "managed to drag him over to the (police) car."

It should be needless to say that this evidence is more than sufficient to sustain the conviction of defendant of the crime of wilfully resisting an officer in the discharge of his

duties (Pen. Code, § 148), and that it would require very serious errors of law to permit a reversal of the judgment pronounced upon him as clearly there was no miscarriage of justice in this case. (Const., art. VI, § 4½.) Defendant had committed the crime of battery (Pen. Code, § 242) in the presence of the officers as well as upon two of them and they had the legal right to arrest him without a warrant. (Pen. Code, § 836.) That he resisted their lawful attempt to place him under arrest is obvious.

Defendant urges that he was deprived of the right to peremptorily challenge prospective jurors by an erroneous order of the trial court.

As there were two defendants on trial, they were entitled to ten peremptory challenges exercised jointly and each to five additional peremptory challenges exercised separately. (Pen. Code, §§ 1070, 1098.) When they had exercised ten peremptory challenges the record shows that the following occurred after Ed B. Kane had been passed for cause:

"THE COURT: Mr. Kane is passed for cause. The Plaintiff's challenge. MR. DAVIS: No challenge. THE COURT: You have exhausted your challenges, I believe, Mr. Jamison. MR. JAMISON: I beg your pardon? THE COURT: You have exhausted your challenges. MR. MAX B. JAMISON: Yes, we have. THE COURT: Ladies and gentlemen, you will please rise. MR. MAX B. JAMISON: Only I thought we had nine challenges. THE COURT: Ten by my count. MR. MAX B. JAMISON: How is that? We will have to check that. THE COURT: You have had ten, Mr. Jamison. MR MAX B. JAMISON: Very well. THE COURT: Mr. Clerk, you will swear the members of the jury."

It appears that the court was mistaken in the statement that defendants had exhausted their peremptory challenges and that counsel joined in this mistake and failed to call the court's attention to the fact that defendants were entitled to additional peremptory challenges.

There is no intimation in the record that defendant desired to exercise an additional peremptory challenge or would have done so if the mistake of law had not been made. There is nothing to indicate that an objectionable juror had been forced on defendant or that he was dissatisfied with the jury as selected. Under such circumstances the error cannot be held to be prejudicial. (Pen. Code, § 1404; Const., art. VI, § 4½; *People* v. *Schafer,* 161 Cal. 573 [119 P. 920]; *People* v. *Craig,* 196 Cal. 19 [235 P. 721]; *People* v. *Rambaud,* 78 Cal.App.

685 [248 P. 954] ; *Darcy* v. *Moore,* 49 Cal.App.2d 694 [122 P.2d 281].)

■ Defendant complains of the following instruction given to the jury:

"The Court instructs you that Section 836 of the Penal Code of the State of California, which in so far as it applies to this case, reads as follows:

" 'A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

" '1. For a public offense committed or attempted in his presence.' "

It is argued that the use of the words "in so far as it applies in this case" was prejudicial because the jury could only infer "that the arrest was made on an offense which was committed or attempted in the presence of the officers, . . . while the evidence shows that no public offense was committed in the presence of the officers or attempted in the presence of the officers." We can find no prejudicial error in the instruction and the fallacy of the argument to the effect that no public offense was committed in the presence of the officers is apparent from the summary of that portion of the evidence supporting the verdict and judgment which we have already made.

■ Defendant charges misconduct of the deputy district attorney while prosecuting the case in asking leave to amend the information which request was made in the presence and hearing of the jury.

The information charged defendant with the "crime of felony" in violating the provisions of section 148 of the Penal Code while the offense charged was a misdemeanor. During the trial the motion to amend the information by substituting the word "misdemeanor" for the word "felony" was granted. This procedure is expressly authorized by section 1008 of the Penal Code. The argument that any prejudice could result from this amendment seems too unsubstantial to require detailed consideration.

The evidence is ample to support the conviction. The trial was fair and we can find no error in the record sufficiently prejudicial to warrant a reversal of the judgment.

The judgment and order denying motion for new trial are affirmed.

Barnard, P. J., and Griffin, J., concurred.