Opinion
 

 FRANSON, Acting P. J.
 

 Appellant was convicted of a violation of Penal Code section 459 (burglaiy) following a jury trial. There is
 
 *717
 
 overwhelming evidence of guilt—appellant was discovered in the process of burglarizing a residence in Bakersfield. He left the scene in his car and was subsequently arrested as a result of the victim noting the license number of the car. Appellant was positively identified by the victim as the burglar.
 

 The sole issue on appeal is whether the trial judge improperly curtailed voir dire examination of the prospective jurors by allowing each attorney only 30 minutes to examine the panel of 12 prospective jurors plus an additional 5 minutes for each new juror called after one of the panel was excused. Counsel were informed of these time limits at the commencement of voir dire examination, and defense counsel voiced an objection to that procedure.
 
 [1]
 

 The court called the prospective jury panel and conducted a rather extensive voir dire of the 12 jurors as a group and then as to each individual on the panel. The trial judge allowed defense counsel to personally question the prospective jurors. While defense counsel did so, the judge did not curtail the scope of questions or make any mention of time. After 30 minutes had elapsed, the judge interrupted defense counsel:
 

 “The Court: I hate to interrupt you but I have already instructed these people on what they are to do and your time is up already. If you want to go into something that I have not gone into and I have not told them—
 

 “[Defense Counsel]: Yes, your Honor, it is not my purpose to duplicate the Court’s instructions but I don’t think that the Court instructed them on the difference between civil and criminal.
 

 
 *718
 
 “The Court: I think that I did. There is one juror here that has had some experience as a juror and I have discussed that at some length with them and this juror indicáted he understood the difference.
 

 “[Defense Counsel]: One. Just one. All right.
 

 “The Court: Okay. Well, your time is up, if you want to, I will give you a couple of more minutes, if you want to go ahead but I have limited the time and I am only suggesting that probably you should not be questioning them on things that the Court has already discussed with them. That is all.
 

 “[Defense Counsel]: I am sorry, I did not watch the clock.”
 

 Defense counsel asked a few final questions of that prospective juror—then started to question another member of the panel. At that point, the court again intervened and the following exchange took place:
 

 “The Court: Mr. Rosenstein, you have gone beyond your time.
 

 “[Defense Counsel]: The court is restricting my voir dire?
 

 “The Court: The Court has, as I have advised you previously, has given you wide latitude in regard to asking anything that you wanted to and in any way you wanted to spend your time but you have gone beyond your time.
 

 “[Defense Counsel]: Which means what?
 

 “The Court: It means that you should sit down now.
 

 “[Defense Counsel]: Which means that I will object for the record.”
 

 After both sides had passed the panel for cause, the parties were given the opportunity to exercise peremptory challenges, and when one person was excused and a new one called, there was additional voir dire examination by each attorney. The defense exercised two peremptory challenges—one against a woman from the original panel whom defense counsel had not questioned and one against a person called after one of the original panel was excused. When defense counsel was given an opportunity to exercise his third peremptory challenge, he declined to do so and stated: “We will accept the panel.” At that point, there were three
 
 *719
 
 jurors remaining on the panel who had not been questioned by defense counsel. The jury was then sworn; the process of selecting a jury had taken approximately two hours and fifteen minutes.
 

 After the trial was completed, defendant moved for a new trial on the ground that the trial court’s setting of a time limit for voir dire was a violation of Penal Code section 1078. The motion was denied.
 

 Discussion
 

 In
 
 People
 
 v.
 
 Tyren
 
 (1919) 179 Cal. 575 [178 P. 132], our Supreme Court held that where the trial court errs in limiting the voir dire examination of jurors, the defendant is prejudiced only if he exercised all of the peremptoiy challenges allowed to him
 
 (id.,
 
 at p. 577). Unless the defendant excuses the juror whose examination has been restricted, he must be deemed to have accepted the juror and to have waived his right to complain on appeal about the restriction on voir dire examination. This principle applies in the present case.
 

 Appellant failed to exercise 11 of his 13 peremptory challenges. He could have excused the three jurors remaining on the panel whom he had not questioned, and under the court’s time limitation he would have had five minutes for questioning each new juror placed in the box. Thus, appellant was not prejudiced by the limitation on voir dire of the three remaining jurors, and he is precluded from complaining of the voir dire curtailment.
 

 However, we wish to express a caveat: Although the trial judge has a duty to restrict the examination of the prospective jurors within reasonable bounds so as to expedite the trial
 
 [2]
 

 (People
 
 v.
 
 Dorsey
 
 (1974) 43 Cal.App.3d 953, 966 [118 Cal.Rptr. 362]), the fixing of an arbitrary time limit for voir dire in advance of trial is dangerous and could lead to a reversal on appeal.
 

 Under Penal Code section 1078, the trial court is required to permit
 
 reasonable
 
 examination of prospective jurors by counsel for the People and for the defendant. What is “reasonable” obviously involves more
 
 *720
 
 than a time factor; it necessarily includes the exploration by counsel in some depth of the many unpredictable variants bearing on a juror’s bias or cause for disqualification which develop during the course of examining the prospective jurors. The time required to accomplish this cannot be quantified in advance. Because of what may develop during the voir dire, the trial court’s discretion should be exercised by directing counsel to cease questioning when the need arises rather than setting a rigid time limit in advance.
 

 In the present case, the trial court sat by while defense counsel utilized his 30 minutes to question 9 jurors. Either defense counsel asked redundant questions during the 30-minute period which should not have been permitted, or the court’s refusal to grant additional time for questioning of the 3 remaining jurors was an abuse of discretion.
 

 We make these comments in the spirit of helping to alleviate future voir dire problems in the trial court.
 

 The judgment is affirmed.
 

 Zenovich, J., concurred.
 

 HOPPER, J.
 

 I concur in the caveat expressed by the lead opinion. Counsel has been denied a right to reasonable examination of prospective jurors under Penal Code section 1078 (see generally Annot., Right of Counsel in Criminal Case Personally to Conduct the Voir Dire Examination of Prospective Jurors (1960) 73 A.L.R.2d 1187).
 

 I do not agree that the principle expressed in
 
 People
 
 v.
 
 Tyren
 
 (1919) 179 Cal. 575 [178 P. 132] should apply to the present case. In
 
 Tyren
 
 there was a limitation of questioning by counsel, and the Supreme Court followed the then settled rule applicable where a challenge for cause had been erroneously overruled, i.e., requiring exhaustion of peremptory challenges before a defendant could complain of the error (see also
 
 People
 
 v.
 
 Riordan
 
 (1926) 79 Cal.App. 488 [250 P. 190]). That rule appears to be based on the rationale that “a defendant should not be heard to complain of an error the injurious effects of which he has suffered, if at all, only by reason of his acquiescence in or failure to avoid it when he had the means and opportunity to do so”
 
 (People
 
 v.
 
 Winthrop
 
 (1897) 118 Cal. 85, 88 [50 P. 390]) and the cases often discuss removal of an “objectionable” juror.
 
 [1]
 

 
 *721
 
 The underlying premise of this rule is counsel at least had the opportunity to question the jurors (although occasionally restricted in scope). No case has been called to our attention applying the rule to a situation where, as here, there was no such opportunity to examine a prospective juror. Here counsel for Hernandez was prohibited from asking
 
 any
 
 questions of the last four prospective jurors originally remaining in the box. In such a situation I see no basis for requiring that peremptory challenges be exhausted. Arguably, in any case, denial of additional time to question those four persons is prejudicial error, because it contracts the number of peremptory challenges (see
 
 People
 
 v.
 
 Weil
 
 (1870) 40 Cal. 268, so holding in a case where
 
 all
 
 peremptory challenges had been exhausted; see also extensive discussion of right to peremptory challenges since the days of Coke and Blackstone in
 
 People
 
 v.
 
 Diaz
 
 (1951) 105 Cal.App.2d 690 [234 P.2d 300]). In
 
 effect,
 
 Hernandez is being forced to either accept four jurors without even questioning them
 
 *722
 
 or to exercise a peremptory challenge without having had the opportunity to question as to cause.
 

 Nor is there any waiver here. Counsel for Hernandez clearly objected.
 

 While no party has the right to a jury composed of any particular individuals, both the People and the defendant have a right to make reasonable inquiry into matters bearing on the competency of prospective jurors and into their state of mind and possible interest, bias or prejudice.
 
 (People
 
 v.
 
 Shannon
 
 (1928) 203 Cal. 139 [263 P. 522];
 
 Asevado
 
 v.
 
 Orr
 
 (1893) 100 Cal. 293, 300 [34 P. 777].) These unquestioned (by counsel) individuals were already in the box and were not veniremen who had been excused (such as in
 
 Patterson, supra,
 
 where the judge excused several persons from the jury because of the rubber shortage during World War II; see also
 
 People
 
 v.
 
 Harris
 
 (1920) 45 Cal.App. 547 [188 P. 45]). By requiring exhaustion of peremptory challenges under the present circumstances the law has for practical purposes denied both sides any intelligent choice insofar as those four prospective jurors are concerned. How is one able to remove an objectionable juror unless someone first questioned that potential juror to conclude that he or she is objectionable? General questioning by a court often produces silence or general answers. On the other hand, counsel may elicit an individual response and dig more deeply (see
 
 People
 
 v.
 
 Adams
 
 (1971) 21 Cal.App.3d 972, 978 [99 Cal.Rptr. 122], overruled on other grounds in
 
 People
 
 v.
 
 Crowe
 
 (1973) 8 Cal.3d 815 [106 Cal.Rptr. 369, 506 P.2d 193]). This very case demonstrates the point. Here the court asked if anyone in the box had been the victim of a crime such as burglary. No hands were raised. Yet on individual questioning by counsel one of those in the box stated that she had been robbed (by which she meant burglarized). Furthermore, as Justice Mosk stated in his dissent in
 
 People
 
 v.
 
 Crowe, supra,
 
 8 Cal.3d 815, 835-836: “Interrogation of prospective jurors is essential to the intelligent exercise of counsel’s rights to challenge. . . . Only the trial counsel has a grasp of the facts of the case sufficient to propound questions that might expose a subtle, previously undetected bias in the hidden recesses of a prospective juror’s mind.” (See also
 
 People
 
 v.
 
 Adams, supra,
 
 21 Cal.App.3d 972, 978.) The Legislature recognized this argument when Penal Code section 1078 was adopted to overturn the majority opinion in
 
 Crowe.
 

 There is simply a vast difference between limiting the scope of questioning and imposing a time limit on questioning the prospective jurors.
 

 
 *723
 
 Consequently, I am not persuaded that the rationale holding the general rule as to erroneous overruling of a challenge for cause should apply to a factual situation where there is a complete denial of voir dire by counsel of someone in the jury box. To hold to the contrary would ignore the realities of jury selection and present day life in the courtroom. In such a case as this I believe that the error should be reversible per se because it tramples upon, and abridges, the right to a jury trial. This is not a matter of mere procedure, but rather one of fundamental right. As our Supreme Court stated in
 
 People
 
 v.
 
 Barrett
 
 (1929) 207 Cal. 47, 49 [276 P. 1003], “The effect of the trial court’s procedure in the matter of the examination of jurors on
 
 voir dire
 
 was to effectively stifle any attempted detailed examination of the talesman by counsel for the purpose of developing possible grounds for challenge for cause, thus depriving appellant of the constitutionally guaranteed right of a trial by jury, including the right to the selection of a fair and impartial jury.” However, the California Supreme Court has indicated that California Constitution, article VI, section 13 (or its predecessor, art. VI, §
 
 4½)
 
 may apply here
 
 (Buckley
 
 v.
 
 Chadwick
 
 (1955) 45 Cal.2d 183 [288 P.2d 12, 289 P.2d 242];
 
 People
 
 v.
 
 Estorga
 
 (1928) 206 Cal. 81 [273 P. 575]; see also
 
 People
 
 v.
 
 Crowe, supra,
 
 8 Cal.3d 815, 831;
 
 People
 
 v.
 
 Barrett, supra,
 
 207 Cal. 47;
 
 People
 
 v.
 
 Coen
 
 (1928) 205 Cal. 596, 604-605 [271 P. 1074];
 
 People
 
 v.
 
 Kromphold, supra,
 
 172 Cal. 512, 519-520;
 
 People
 
 v.
 
 Schafer, supra,
 
 161 Cal. 153; cf.
 
 People
 
 v.
 
 Carmichael
 
 (1926) 198 Cal. 534 [246 P. 62]). We followed the Supreme Court in dicta in
 
 People
 
 v.
 
 Adams, supra,
 
 21 Cal.App.3d 972, 980.
 

 I do not believe that California Constitution, article VI, section 13, should apply here. That constitutional provision should be construed to relieve the judiciary of the burden of retrying cases merely because of technical errors, not to nullify the right to jury trial (see Carter, J., dis. opns. in
 
 Alarid
 
 v.
 
 Vanier
 
 (1958) 50 Cal.2d 617, 626 [327 P.2d 897];
 
 People
 
 v.
 
 Watson
 
 (1956) 46 Cal.2d 818, 839 [299 P.2d 243];
 
 People
 
 v.
 
 Tarantino
 
 (1955) 45 Cal.2d 590, 604 [290 P.2d 505];
 
 Buckley v. Chadwick, supra,
 
 45 Cal.2d 183, 208). Our Supreme Court should reconsider the matter. Until then we are, of course, bound by the Supreme Court decisions
 
 (Auto Equity Sales, Inc.
 
 v.
 
 Superior Court
 
 (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]). The evidence of guilt in this case is overwhelming. Consequently, assuming, as I must, the applicability of California Constitution, article VI,
 
 section
 
 13, I concur in the result and in the affirmance of the judgment.
 

 [1]
 

 The following exchange took place between the court and defense counsel at that time: “THE COURT: I will give you thirty minutes with the panel and five minutes on each individual juror. (Off the record discussion about court procedure.) “[DEFENSE COUNSEL]: I object to the limitation. I think that I have a right to complete voir dire of the jurors. “THE COURT: For the record, I have advised counsel that I am allowing thirty minutes each for their individual voir dire of the jury panel and that is over and above the fairly extensive vpir dire that the Court will conduct and then after you pass the panel for cause, the individual attorneys would be allowed five minutes each with each individual juror that may be called after another juror is excused, over and above the independent voir dire that the Court will conduct. “[DEFENSE COUNSEL]: May the record show that I object to that.”
 

 [2]
 

 “Counsel’s right to voir dire under Penal Code section 1078 is limited to a reasonable examination of prospective jurors which does not seek to provide a basis for exercising peremptory challenges, educate the jury panel as to particular facts, compel jurors to vote a particular way, prejudice the jurors for or against a party, argue the case, indoctrinate the jury, or instruct the jury in matters of law.”
 
 (People
 
 v.
 
 Soltero
 
 (1978) 81 Cal.App.3d 423, 428 [146 Cal.Rptr. 457].)
 

 [1]
 

 The cases are legion generally holding that there was no prejudice: (1) where peremptory challenges still remained even though there may have been error as to a
 
 *721
 
 challenge for cause (see
 
 People
 
 v.
 
 Wilkes
 
 (1955) 44 Cal.2d 679, 686 [284 P.2d 481]; “The important thing is that it does not appear that an objectionable juror was forced upon the defendant”
 
 People
 
 v.
 
 Schafer
 
 (1911) 161 Cal. 573, 577 [119 P. 920];
 
 People
 
 v.
 
 Durrant
 
 (1897) 116 Cal. 179, 195-196 [48 P. 75];
 
 People
 
 v.
 
 McGungill
 
 (1871) 41 Cal. 429;
 
 People
 
 v.
 
 Gaunt
 
 (1863) 23 Cal. 156;
 
 People
 
 v.
 
 Gatewood
 
 (1862) 20 Cal. 146, 149;
 
 People
 
 v.
 
 Goldberg
 
 (1952) 110 Cal.App.2d 17, 23 [242 P.2d 116]:
 
 People
 
 v.
 
 Griffin
 
 (1950) 98 Cal.App.2d 1, 49 [219 P.2d 519];
 
 People
 
 v.
 
 Canales
 
 (1936) 12 Cal.App.2d 215 [55 P.2d 289]); (2) where the district attorney was permitted to peremptorily challenge jurors out of order
 
 (People
 
 v.
 
 Troutman
 
 (1921) 187 Cal. 313, 320-321 [201 P. 928], citing
 
 Baird
 
 v.
 
 Duane
 
 1 Cal.Unrep. 492); (3) where additional peremptory challenges were given to a defendant who was erroneously denied the opportunity to question a juror as to that juror’s qualifications
 
 (People
 
 v.
 
 Freeman
 
 (1891) 92 Cal. 359 [28 P. 261]; see also
 
 People
 
 v.
 
 Henry
 
 (1933) 132 Cal.App. 557 [23 P.2d 77]); (4) in a similar situation where no peremptory challenge was exercised
 
 (People
 
 v.
 
 Boorman
 
 (1956) 142 Cal.App.2d 85 [297 P.2d 741]); (5) where a reversal was ordered where the defendant exhausted all of his peremptory challenges, was denied an additional challenge and was forced to accept an objectionable juror
 
 (People
 
 v.
 
 Riggins
 
 (1910) 159 Cal. 113 [112 P. 862]); (6) where there was failure to object at trial and the issue was raised the first time on appeal, which was too late
 
 (People
 
 v.
 
 Patterson
 
 (1943) 58 Cal.App.2d 837, 844 [138 P.2d 341];
 
 People
 
 v.
 
 Kennedy
 
 (1937) 21 Cal.App.2d 185, 200-201 [69 P.2d 224]); (7) where a defendant claimed that denial of severance of a trial from that of a codefendant reduced peremptories and the defendant did not exhaust his peremptory challenges and no showing was made of any particular objectionáble juror or that questioning was restricted in any way
 
 (People
 
 v.
 
 Lyons
 
 (1958) 50 Cal.2d 245, 273 [324 P.2d 556]); (8) where both the judge and counsel mistakenly believed that the defendant had exhausted his peremptory challenges, but the defendant did not request additional peremptories and there was no objectionable juror forced on the defendant
 
 (People
 
 v.
 
 Bugg
 
 (1947) 79 Cal.App.2d 174 [179 P.2d 346]); (9) where the judge, after stating that the
 
 court’s
 
 examination for cause was sufficient and told counsel to proceed with peremptory challenges and counsel did not object
 
 (People
 
 v.
 
 Adams
 
 (1928) 92 Cal.App. 6, 18 [267 P. 906]); (10) even where all peremptory challenges are exhausted, that the defendant must ask for an additional peremptory challenge and show that the jurors finally accepted were not entirely satisfactoiy
 
 (People
 
 v.
 
 Craig
 
 (1925) 196 Cal. 19, 26 [235 P. 721];
 
 People
 
 v.
 
 Kromphold
 
 (1916) 172 Cal. 512, 519-520 [157 P. 599];
 
 People
 
 v.
 
 Rambaud
 
 (1926) 78 Cal.App. 685 [248 P. 954]).