[Crim. No. 5456. Fifth Dist. Feb. 27, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE DESMOND BOX, Defendant and Appellant.

[Crim. No. 6239. Fifth Dist. Feb. 27, 1984.]

In re LAWRENCE DESMOND BOX on Habeas Corpus.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Antonia D. Radillo, Deputy State Public Defender, for Defendant and Appellant and Petitioner.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FRANSON, Acting P. J.—**

### STATEMENT OF THE CASE

Appellant seeks a reversal of his second degree murder conviction and the jury's finding that he personally used a firearm.

The sole issue before us relates to the trial court's refusal to allow appellant 26 peremptory challenges. Appellant contends this ruling forced him to accept a jury with which he was dissatisfied, thereby depriving him of a fair trial.

The information charged appellant with one count of murder in violation of Penal Code section 187. It alleged personal use of a firearm within the meaning of Penal Code section 12022.5. Prior to trial, appellant's counsel

requested 26 peremptory challenges pursuant to Penal Code section 1070.[1] The trial court denied the motion and permitted appellant only 10 peremptory challenges. Appellant concedes he did not exhaust his peremptory challenges; he utilized only nine of the ten peremptory challenges permitted by the court.

This court initially affirmed appellant's conviction and denied his petition for habeas corpus relief. The California Supreme Court then granted a hearing and decided, in *People* v. *Yates* (1983) 34 Cal.3d 644 [194 Cal.Rptr. 765, 669 P.2d 1], that persons in appellant's position were entitled to 26 peremptory challenges. The Supreme Court expressly made *People* v. *Yates* applicable to this case. (*Id.,* at p. 654, fn. 6.) The Supreme Court then retransferred the consolidated appeal and habeas corpus petition to this court.

■ Respondent contends appellant's failure to exhaust his 10 peremptory challenges bars a reversal of his conviction because of a lack of a showing of prejudice. We hold that it does not.

DISCUSSION

Several California cases have held that the failure to exercise all allowable peremptory challenges precludes the defendant from claiming prejudice from alleged error in the number of peremptory challenges allowed or in the restriction of voir dire examination. In *People* v. *Bugg* (1947) 79 Cal.App.2d 174 [179 P.2d 346], the court miscounted the number of peremptories defendant had used and told counsel he had used up his 10 peremptories when he had only exercised 9. Counsel acceded to the court's calculation. The reviewing court held: "It appears that the court was mistaken in the statement that defendants had exhausted their peremptory challenges and that counsel joined in this mistake and failed to call the court's attention to the fact that defendants were entitled to additional peremptory challenges.

"There is no intimation in the record that defendant desired to exercise an additional peremptory challenge or would have done so if the mistake of law had not been made. There is nothing to indicate that an objectionable juror had been forced on defendant or that he was dissatisfied with the jury as selected. Under such circumstances the error cannot be held to be prejudicial. [Citations.]" (*Id.,* at p. 176, italics added.)

---

[1]Penal Code section 1070, subdivision (a), provides in pertinent part: "If the offense charged be punishable with death, *or with imprisonment in the state prison for life,* the defendant is entitled to 26 . . . challenges. . . ." (Italics added.)

In *People* v. *Crowe* (1973) 8 Cal.3d 815 [106 Cal.Rptr. 369, 506 P.2d 193], the Supreme Court relied upon *Bugg* in holding that no prejudice was demonstrated where the court swore the jury after only six peremptories. In *Crowe*, the judge discovered his mistake immediately and asked counsel if he wanted to use more peremptories. After conferring with the defendant, counsel told the court, "We will make no further peremptory challenges." According to *Crowe*, "[t]he record thus indicated that defendant was satisfied with the jury selected and did not elect to exercise his remaining peremptory challenges. . . . [I]f defense counsel believed that the court had erred and by that error selected a jury unfair to defendant, he should have articulated those views at the time. The court might then have been able to fashion some means of remedying the errors; if no workable remedy appeared the court could have declared a mistrial." (*People* v. *Crowe, supra,* at pp. 831-832.)

In *People* v. *Hernandez* (1979) 94 Cal.App.3d 715 [156 Cal.Rptr. 572], the trial court curtailed voir dire of the prospective jurors, allowing each attorney only 30 minutes to examine the panel of 12 prospective jurors and 5 minutes for each new juror called after a member of the panel was excused. Defense counsel could only question eight jurors within these time limits. Three people who were not questioned served on the jury. However, defense counsel only used two peremptories. We affirmed, relying upon *People* v. *Tyren* (1919) 179 Cal. 575 [178 P. 132], which held that unless the defendant excuses the juror whose examination has been restricted, he must be deemed to have accepted the juror and to have waived his right to complain on appeal about the restriction on voir dire examination. Hernandez could have challenged the jurors that he had not questioned, and would have had five minutes to question each new juror. "Thus, appellant was not prejudiced by the limitation on voir dire of the three remaining jurors, and he is precluded from complaining of the voir dire curtailment." (*People* v. *Hernandez, supra,* at p. 719.)

In the present case, appellant's trial counsel accepted the jury on the record. In fact, he stated "we would accept the jury."[2] But defense counsel did raise the issue. Moreover, both counsel and the trial court were fully aware that appellant wanted and demanded 26 peremptories. There was no question of miscounting or of counsel agreeing to accept only 10 peremptory challenges.

The petition for habeas corpus explains defense counsel's decision to use only nine peremptories.

---

[2]No reporter's transcript of the voir dire has been designated as part of the record on appeal. Therefore, this court cannot judge whether a particular objectional juror was forced on appellant, and we may rely only upon the record on appeal and the declaration accompanying the petition for habeas corpus.

"3. After I had used nine peremptory challenges, I had to make a tactical decision on whether or not to use my last challenge. In evaluating the existing panel, I felt that there were probably five or six members of the presently constituted jury which I would like to have eliminated by use of a peremptory challenge. However, the Court had only allowed 10 peremptory challenges and with 1 challenge left it was impossible to remove those unfavorable jurors. In turning to the remaining venire which was sitting in the audience, it appeared to me that if I removed one last juror, I could do even worse in the remaining draw. I believed that I needed at least 10 more peremptory challenges to obtain a fair and impartial jury.

"4. At that point in time, I had to make a tactical decision whether or not to use my last challenge just for the sake of preserving the record on appeal, and thereby possibly drawing one more juror which could have been worse than the juror which would have been eliminated, or settling for the constituted jury as it was. I chose to pass on the constituted jury and it was accepted by both parties.

"    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"7. In essence, the defense had to make the best of a bad situation and we elected to pass after use of nine peremptory challenges because use of the tenth challenge could just as easily have made the situation worse." The declaration refutes any inference that counsel's "acceptance" of the jury resulted from satisfaction with the jury as constituted. Rather, the declaration shows that counsel was put to a Hobson's choice between trying to get the best possible jury panel and preserving the record for appeal.[3]

Two important factors distinguish this case from the other reported cases: First, appellant utilized nine out of the ten peremptories which had been allowed to him. Experienced counsel seldom exercise the one remaining challenge unless they are confident they will get a better juror than the one who will be excused. This situation should be contrasted with the case where the defense has several peremptory challenges remaining unexercised when the jury is accepted. In the latter situation a strong inference arises that the defense was truly satisfied with the 12 jurors in the box otherwise counsel would have continued to exercise the peremptory challenges in the hope of getting a better jury.

---

[3]We do not intend to suggest approval of the practice of counsel belatedly submitting ex post facto declarations to show that the defense was dissatisfied with the jury even though counsel failed to exercise all of the allowed peremptory challenges at trial. The better practice is for counsel to express a timely on-the-record dissatisfaction with the jury at the time the jury is accepted so the reviewing court knows that *in fact* this was the situation at trial. Nevertheless, under the particular circumstances of this case we accept counsel's declaration at face value.

Second, in the present case, appellant was deprived of the right to 16 peremptory challenges. This error is of a much greater magnitude than these cases where the defendant is erroneously deprived of only one or two peremptory challenges.

Thus, on the present record it reasonably may be concluded that restricting appellant to 10 challenges prejudiced his right to seek an impartial jury.

The judgment is reversed. The habeas corpus petition is dismissed as moot.

Zenovich, J., and Hamlin, J., concurred.

On March 16, 1984, the judgment was modified to read as printed above.